PETER STEFFENS v. MAMIE E. NELSON and Others.[1]

March 10, 1905.

Nos. 14,205—(60).

**Receipted Bill.**

An itemized bill, marked as paid, is a receipt for the items contained in that bill.

**Estoppel—Ratification.**

The substance of estoppel is the inducement to another to act to his prejudice. The substance of ratification is confirmation after conduct.

**Ratification of Act of Wife.**

If a husband ratify the act of his wife in signing a receipt in his name without authority, the ratification extends to the natural use of that

[1] Reported in 102 N. W. 871.

receipt, including its production to the debtor as evidence of payment, although the check given in payment of the debt, indorsed by the principal after such use of the receipt, is not in fact paid.

Action in the district court for Hennepin county to foreclose a mechanic's lien upon the property of defendant Mamie E. Nelson. The case was tried before Spooner, J., sitting for the judge of the Second judicial district, who made findings of fact and as conclusions of law found that plaintiff, and defendants Palace Clothing House Company, Henry Enger, E. M. Orton and F. W. Delamater & Son were entitled respectively to judgment for the full amount of their several lien claims. From an order denying a motion for a new trial defendant Mamie E. Nelson and husband appealed. Modified.

*Frederick L. McGhee*, for appellants.

*F. J. Geist*, for respondent Peter Steffens.

*Cohen, Atwater & Shaw*, for respondents Palace Clothing House Company and Henry Enger.

*Lewis E. Stetler*, for respondent E. M. Orton.

*Lane & Nantz*, for respondents F. W. Delamater & Son.

JAGGARD, J.

The plaintiff brought this action to foreclose a mechanic's lien on the property of the defendant Nelson for materials furnished under the owner's contract with defendant Dissette. Other lien claimants, and the Palace Clothing House Company, as assignee of other lienholders, were joined as defendants. On April 12, 1902, Nelson, the owner, and one Johnson, the agent of the mortgagee loaning money on the house in course of construction, paid the balance of the agreed price to the contractor, on his delivery of receipts signed by certain lien claimants, and of his affidavit that all lien claims had been paid in full. The contractor procured these receipts by giving to the lien claimants his checks, payable at a later date. Payment on all these checks was refused.

The trial court held that all claimants whose receipts were delivered before the time of, and were present at, the settlement, were estopped from asserting their claims in this action. Accordingly, judgment was ordered for certain defendants because the testimony did not sufficiently

show that their receipts were present at the time of the settlement. There was no objection, exception, or assignment of error directed to these propositions of law; the error complained of concerned the facts, which the court found as to the various defendants, to bring them within the application of the admitted equitable doctrine. The case of the plaintiff was peculiar to itself, as will presently appear. From the motion denying a new trial, the defendant Nelson appealed. In this court the appeal was dismissed as to the defendant E. M. Orton by stipulation.

1. The only substantial error presented by the exceptions and assignments of error occurs as to the plaintiff and as to the defendants Delamater & Son. In all other cases, a careful examination of the record has satisfied this court that the trial court was justified in its conclusions of fact and of law. As to the defendants Delamater & Son, the court found, as matters of fact, that these defendants had furnished material and labor of the reasonable value of $263.27; that no part of this, excepting $100, had been paid; that the contractor obtained a receipt for $135 from these defendants on account of their said claim. As a matter of law, the court concluded that these defendants were entitled to judgment for $163.27, with interest, attorney's fees, and costs. The testimony, however, shows conclusively that these defendants Delamater & Son had marked on an itemized bill of goods sold to J. J. Dissette, the contractor, aggregating $237.22, including one item, "contract G. W. Nelson job $235," these words, namely "Paid April 11-04."

An itemized bill marked as paid is a receipt of that bill. The findings of the court, therefore, should have been that these defendants delivered a receipt for $235, and not for $135. This receipt was executed on April 11, according to the receipt and to the testimony of Delamater père. Defendant Nelson testified that this receipt was present at the settlement on April 12. In this he is corroborated, and not essentially contradicted, by other testimony. The amount for which the lien was allowed by the court included $28.80 of extras. While the testimony on this point is exceedingly unsatisfactory, it is still sufficient to sustain the findings of the trial court. Defendants Delamater & Son are entitled, accordingly, to judgment for the difference between $263.27, to which they were found entitled under their lien, and $235, for which

defendants executed a receipt, together with interest on that difference since March 21, 1902, $5 attorney's fees, and costs and disbursements in this action.

2. The plaintiff Steffens had no office; he had placed the number of his residence on his cards and billheads. The agent of the contractor called there in Steffens' absence, gave his wife a check of the contractor, dated ahead, for the amount of Steffens' claim, and directed her to sign a receipt. She signed that receipt, "Peter Steffens, Maria Steffens." She had no express authority from her husband so to do. This receipt was taken by the contractor to the owner and agent of the mortgagee, and was present at the time of settlement with the contractor about noon on Saturday, April 12. On the afternoon of that day the wife gave her husband the contractor's check, and explained that she had to sign a paper for it. The husband took the check and deposited it; that check was never paid.

The wife, like another person, may be made an agent for her husband, and as such impose upon him obligations by his authority, express or implied, precedent or subsequent. Hopkins v. Mollinieux, 4 Wend. 465; Benjamin v. Benjamin, 15 Conn. 347; Willingham v. Simons, 1 Desaus. (S. C.) 272.

The proper decision of the question thus presented depends upon consideration of a neglected distinction between ratification and estoppel. Lord Coke said, "The name 'estoppel' or 'conclusion' was given because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth." However much this definition may have been criticised as vicious, Everest & Strode, Est. 9–16; Bigelow, Est. 5, it is a brief statement of the effect of the essential principle of estoppel, viz., "that, wherever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." Lickbarrow v. Mason, 2 T. R. 63; 1 Smith, Lead. Cas. 759; Ewart, Est. IX. Ratification, on the other hand, means confirmation. "To ratify is to give sanction and validity to something done without authority." Evans, Pr. & Ag. (Bedford's Ed.) 90. The underlying principle upon which liability for ratification attaches is that he who has commanded is legally responsible for the direct results and for the natural and probable consequences of his conduct, and that it

is immaterial whether that command was given before or after the conduct.

The substance of estoppel is the inducement to another to act to his prejudice. The substance of ratification is confirmation after conduct. "This is enough," said Mr. Bigelow, "to indicate that there may be danger in using the term 'estoppel' freely. It is common enough at present to speak of acquiescence and ratification as an estoppel. Neither the one nor the other, however, can be more than part of an estoppel at best. An estoppel is a legal consequence—a right—arising from acts or conduct, while acquiescence and ratification are but facts presupposing a situation incomplete in its legal aspect, i. e., not as yet attended with full legal consequences. The most that acquiescence or ratification can do—and this either may under certain circumstances do—is to supply an element necessary to the estoppel, and otherwise wanting, as, e. g., knowledge of the facts at the time of making a misrepresentation. But each stands upon its own grounds, and must be made out in its own way, not necessarily in the way required by the ordinary estoppel by conduct." Bigelow, Est. (5th Ed.) pp. 456, 457. And see Reinhard, Ag. § 101.

An unauthorized act may be made to operate by ratification as an estoppel upon the person in whose behalf it was done. That ratification presupposes knowledge on the part of such person ratifying. If he intentionally ratify what another has done for him without authority, and actually or constructively knows also of the circumstances connected with the unauthorized acts which are the basis of the estoppel, he should clearly be held bound thereby. See Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495.

In this case the acceptance of the check given to plaintiff by his wife operated to ratify the receipt signed by her for him. In the eyes of the law, at least, he knew that this receipt would be used as evidence of the payment of the debt by the contractor to whom it was delivered. He is responsible for the direct results and the natural and probable consequences of the act he has ratified. His situation is not therefore different, in law, from that of other creditors who signed receipts before the date of settlement, and who, as he did also, accepted and now retain the check of the contractor. He is not entitled to recover because of his ratification. See Ewart, Est. 133, 137, 139.

94 M.—24

The judgment appealed from is affirmed, except as to the plaintiff, Steffens, and the defendants Delamater & Son. As to them, let judgment be entered in accordance with this opinion.