Submitted on briefs September 9, affirmed October 14, 1924.

# SARAH D. J. WHITNEY v. C. M. CRITTENDEN, AS ADMR., ET AL.

(229 Pac. 378.)

**Dedication—County Court Presumed to have Satisfied Itself That Land Dedicated as Highways Accepted by Court was Suitable.**

1. County Court having approved and accepted plat, under Laws of 1909, page 123, Section 3, will be presumed to have satisfied itself that the land offered for highways by dedication was suitable for, that purpose.

**Dedication—County Court's Approval and Acceptance of Plat Constituted Irrevocable Acceptance by Public of Road Dedicated Thereby.**

2. County Court's approval and acceptance of plat, under Laws of 1909, page 123, Section 3, constituted acceptance on part of public of highway dedicated by plat, precluding revocation of dedication, in view of Section 4558, Or. L.

**Appeal and Error—Filing of Reply Alleging Same Facts as Complaint to Answer Containing No Affirmative Defense Harmless.**

3. Filing of reply to answer containing no affirmative defense was harmless, where same facts were alleged in complaint.

**Dedication—Defendants Closing Plaintiff's Way of Necessity not Estopped to Deny That Dedication of Public Road was Effective.**

4. The fact that defendants, who had dedicated road from plaintiff's land to county road, had closed way of necessity theretofore used by plaintiff, did not estop defendants from denying that the dedicated road was a public road or highway, because of nonacceptance thereof by public.

**Highways—Plaintiff Held Sufficiently Interested to Sue to have Road Declared Public Highway, and to Enjoin Obstruction.**

5. Where defendants who had dedicated highway connecting plaintiff's land with county road closed way of necessity previously used by plaintiff, plaintiff had sufficient interest to maintain suit to have dedicated road declared a public highway and to enjoin obstruction thereof.

From Marion: GEORGE G. BINGHAM, Judge.

In Banc.

This suit was instituted for the purpose of declaring a dedicated highway to be a public highway, en-

Curing statutory defects in a map or plat by conveyance with reference to it, see note in 42 L. R. A. (N. S.) 587.

joining and restraining the defendants from obstructing said highway, and requiring them to remove the obstructions now on and across said highway. The plaintiff was given a decree in the Circuit Court and the defendants appeal. There is substantially no dispute about the facts. The plaintiff is the owner of a tract of 12 acres conveyed to her predecessor in interest by the defendants and their predecessors in interest. The 12-acre tract was carved out of a large tract owned by defendants and their predecessors in interest and is and was not accessible by any highway established by law at the time the same was conveyed to plaintiff's predecessor. It is acknowledged by the defendants that the plaintiff's predecessor was and that the plaintiff is now entitled to a way of necessity from said 12-acre tract to a county road. The defendants own the land on three sides of said 12-acre tract. Some time after conveying the 12-acre tract to the predecessor of the plaintiff, the predecessors of the defendants platted the large tract of land out of which the 12-acre tract was carved and dedicated certain roads across the tract so platted. The 12-acre tract is bounded on the north, east and south by said platted tract and on the west by land owned by a stranger to these proceedings. The land so platted was dedicated on the thirtieth day of April, 1912, by a formal dedication duly sealed, witnessed, acknowledged and certified by a notary public and contains this language:

"Have cause to be surveyed and staked out upon the ground, the tract as shown upon the accompanying plat, and more particularly described in the engineer's description herewith and now known as Whitney's Petmina Acres, and we do hereby dedicate all roads as shown hereon to the use of the public forever, as public highways."

The plat conforms to the requirements of the statute in all particulars including the sheriff's certificate as to taxes, the approval by the county assessor and deputy county surveyor of Marion County, Oregon, and contains this indorsement:

"Approved and accepted.

"W. M. BUSHEY,
"County Judge, Marion County, Oregon.

"_____,
"Commissioner, Marion Co., Oregon.
"J. T. BECKWITH,
"Commissioner, Marion Co., Oregon.
"Attest:

"R. D. ALLEN,
County Clerk, Marion County, Oregon.
"By S. —— CULVER, Deputy."

One of the highways delineated on said plat extends along the eastern boundary of said 12-acre tract to the southeast corner thereof and then westerly along the southern boundary about 700 feet; thence southerly to a county road. The plat was duly recorded. No part of the road indicated on said plat has ever been opened or used for travel.

After the plaintiff became the owner of said 12-acre tract, she caused the same to be fenced. Theretofore it had been used in common with the larger tract from which it had been carved by the defendants. Friction arose between the plaintiff and the defendants' tenant who occupied the larger tract platted as aforesaid. As a result of this friction, the way of necessity used by the plaintiff for ingress and egress to and from the 12-acre tract was obstructed by locked gates so that the plaintiff was not permitted to use the same. Thereupon she instituted this suit for the purpose of having the dedicated road aforesaid declared a public highway, the obstructions re-

moved therefrom, and the defendants enjoined from further obstructing the same or interfering with the right of the plaintiff and the public to use it as and for a public highway.

The appellants contend that the dedication of the road was never accepted by the County Court and for that reason the dedication was revocable. It is agreed that the road has never been thrown open or used for travel and that none of the subdivisions of said accepted tract has been sold. The question, presented to this court to be answered, is whether or not the dedicated road was accepted so as to constitute the dedication irrevocable.        AFFIRMED.

For appellants there was a brief over the name of *Messrs. Carson & Carson.*

For respondent there was a brief over the names of *Mr. H. Overton* and *Messrs. Smith & Shields.*

COSHOW, J.—At the time the road involved in this suit was dedicated the law controlling that procedure was expressed in Chapter 70, Laws of 1909. Section 3 of that Chapter required that—

"The dedication, affidavit of the surveyor, approval by the county assessor and county court, and the drawings and inscriptions, shall be made upon the same sheet of paper upon which said plat, drawing, or diagram is made," before the same shall be recorded.

The plat in question was prepared in every particular as prescribed by statute. By its language it expressly dedicated to the public forever the roads delineated thereon.

1, 2. Conceding that it is necessary for a dedicated road to be accepted by the proper authorities before

becoming irrevocably dedicated, we believe that the road involved in this suit was accepted. It is conceded that the County Court is the proper tribunal for formally accepting the dedication of a road or highway not within an incorporated city. The statute then in force prescribed the particular method for preparing a plat and dedicating the same with the roads or highways to the public use. The County Court presumably satisfied itself that the land offered for highways by dedication was suitable for that purpose. The statute required the approval of the County Court to be inscribed on the face of the plat. We can conceive of no object for the approval by the County Court except to accept the dedicated highways. Another consideration moving us to this conclusion is that the laws then in force provide for vacating highways of all kinds. It would seem that it was the legislative intent that a dedication made, approved and recorded in accordance with the statute, was a grant irrevocable by the grantor. In case the land platted did not improve and the alleys and streets dedicated were of no public use, the grantor could, by following the procedure provided by the law, have the plat including the highways vacated.

No steps were taken by the defendants to vacate the plat or the roads involved in these proceedings.

If this had been merely a common-law dedication and no tracts had been sold with reference to the plat, even though the plat might have been recorded, but was not properly certified and approved, then the defendants probably would have been permitted to say that the implied dedication, by reason of the recordation of the plat, had been revoked by the conduct of the defendants. But here, the defendants formally, under their hand and seal, duly acknowledged and certified, dedicated the road to the public

forever. The plat was certified as required by statute, was approved by the assessor and the County Court, which we believe constituted a formal acceptance of the dedication.

In none of the authorities relied upon by the defendants have we been able to find a contrary view where a statute like ours was in force. On the contrary, there are numerous authorities holding that under a statute like ours formal acceptance is not required.

"In a number of jurisdictions the rule is that where a dedication is made in compliance with the statutes relating to the subject no acceptance is necessary to complete the dedication, and that when title has once become vested in a municipality by dedication it cannot be impaired by any inaction or delay of public officials in devoting the property to the use for which it has been dedicated." 18 C. J. 73, § 68, par. 2, notes 86 and 87.

"A distinguishing difference between a statutory and common law dedication is said to be that the former operates by way of a grant, and the latter by way of an estoppel *in pais* rather than by grant. In many of the states a valid statutory dedication operates to vest the fee in the city, or the county, as the case may be, and this has been held to dispense with acceptance on the part of the public." 1 Elliott, Roads and Streets (3 ed.), 141, § 125. See also p. 185, § 165, and p. 187, § 166.

*Interstate Iron & Steel Co.* v. *City of East Chicago,* 187 Ind. 506 (118 N. E. 958); *City of Denver* v. *Clements,* 3 Colo. 472; *Meacham* v. *City of Seattle,* 45 Wash. 380 (88 Pac. 628); *Osage City* v. *Larkin,* 40 Kan. 206 (19 Pac. 658, 10 Am. St. Rep. 186, 2 L. R. A. 56); *Fulton* v. *Mehrenfeld,* 8 Ohio St. 440; *Wallace* v. *Cable,* 87 Kan. 835 (127 Pac. 5, 42 L. R. A. (N. S.) 587); *Reid* v. *Edina Board of Education,* 73 Mo. 295; *Keyes* v. *Excelsior,* 126 Minn. 456 (148 N. W. 501);

Dillon's Municipal Corporation (5 ed.), pp. 1727–1731, §1087.

In the instant case the deed of dedication is complete and formal. The tribunal, having jurisdiction of roads in the county, has formally expressed its approval in writing, which has been duly placed of record. We believe that formal approval and acceptance by the County Court constituted an acceptance for and in behalf of the county. The County Court constitutes the agent of the public having charge of the roads. That this is the interpretation of the legislature is very convincingly indicated by a later provision of the Code expressly providing that unless dedicated roads

"shall be expressly accepted by the county court as a county road, no funds of the county shall be expended in the improvement or repair of such road, highway, street or alley, nor shall the county, or any of its officers, be liable for the failure to improve or keep said highway in repair." Section 4558, Or. L.

This clearly indicates that the act of approving and accepting the plat by the County Court constitutes an acceptance on the part of the public of the highway in the opinion of the legislature. In order to protect the county from being overburdened with numerous highways, the quoted part from said Section 4558, Or. L., was enacted. A highway may become an irrevocably dedicated highway and yet the county not be liable for its upkeep, repair, damages or for injuries resulting from the highway becoming out of repair. No question involving the county's liability arises in this suit.

3–5. Notwithstanding the defendants filed no affirmative answer, the plaintiff filed a reply setting up an alleged estoppel. This irregularity was harmless. The same facts are alleged in the complaint.

The substance of the reply is that the plaintiff had a way of necessity to her 12-acre tract; that the defendants had dedicated this highway connecting her said 12-acre tract with the county road; that the defendants had closed the way of necessity theretofore used by the plaintiff in traveling to and from her said 12-acre tract to the county road; that by reason of the acts of the defendants in preventing her from using the said way of necessity the defendants should be estopped from denying that the said dedicated road was a public road or highway. We think the facts stated in this reply are not sufficient to constitute estoppel, but the reply was not moved against and is supported by the evidence. Taken with the complaint it discloses sufficient interest in the plaintiff to enable her to maintain this suit: *Bakke* v. *Johnson*, 102 Or. 496, 500 (202 Pac. 1091).

Since the way of necessity has been closed to the plaintiff, the dedicated highway is the only method that plaintiff has to reach her said 12-acre tract. For a short distance the way of necessity and the dedicated highway occupy the same ground. The defendants concede that the plaintiff is entitled to the way of necessity. But the defendants having dedicated a highway, which we believe to have been irrevocably dedicated and duly accepted, eliminates any further need of a way of necessity. The plaintiff has elected to utilize the dedicated highway. For this reason the decree of the Circuit Court must be affirmed and it is so ordered.            AFFIRMED.