VERRILL *v.* SCHOOL CITY OF HOBART, LAKE COUNTY, INDIANA.

[No. 27,904. Filed January 24, 1944.]

*Conroy & Glendening,* of Hammond, for appellant.

*Stiles & Baylor,* of Gary, for appellee.

FANSLER, C. J.—The appellant began this action. The complaint alleges that the appellant is the owner of certain real estate in the City of Hobart; that the School City of Hobart is the owner of certain described adjoining real estate; that he and his grantors have, and have had for more than twenty years last past, an easement or right of way over the school city's property; that he and his grantors have continuously for more than twenty years used this right of way as a passageway or driveway, and that "he has thereby acquired an easement in said strip of land." It is further alleged that the school city has wrongfully destroyed his right of way by excavating a deep cut therein which prevents its use as a traveled way. The

prayer of the complaint is that his right to a way be declared; that the school city be perpetually enjoined from interfering with his use of the way; and that he have judgment for $5,000 damages. A demurrer to the complaint was sustained, and this ruling is the only error assigned.

There is a general averment that the plaintiff has an easement, but this must yield to the specific averments, and if the specific allegations do not show title, the complaint is bad. *Morgan et al.* v. *Lake Shore & M. S. Ry.* (1891), 130 Ind. 101, 28 N. E. 548, and cases cited. The complaint alleges that the plaintiff acquired an easement by use for more than twenty years continuously last past. School corporations are a part of the educational system of the State, and are agencies of the State, and their property is governmental property. *Freel* v. *School City of Crawfordsville* (1895), 142 Ind. 27, 41 N. E. 312; *Ehle, Trustee,* v. *State ex rel. Wissler et al., Trustees* (1922), 191 Ind. 502, 133 N. E. 748. In the absence of a statute, and we find no statute here, an easement cannot be acquired by prescription against the government. *Randall et al.* v. *Board of Com'rs of Tippecanoe County* (1922), 77 Ind. App. 320, 131 N. E. 776; 28 C. J. S., Easements, § 9, p. 643; 17 Am. Jur., § 58, p. 971. There was no error in sustaining the demurrer.

Judgment affirmed.

NOTE.—Reported in 52 N. E. (2d) 619.