185 P.2d 1001

EDWARDS et al. v. SHEETS.

No. 4934.

Supreme Court of Arizona.

Oct. 27, 1947.

Dwight L. Solomon, of Phoenix, for appellants.

Jerry Mulloy, of Phoenix, pro se.

Jennings & Tenney, of Phoenix, for appellee.

STANFORD, Chief Justice.

Appellee brought this action in the trial court as plaintiff to restrain appellants (defendants) from using certain lands claimed by appellee as a right of way. In addition to the request for injunction in the action brought, there was also a request for the definite establishment of the originally dedicated right of way, it being claimed by appellee that appellants had encroached upon and fenced the true street, and were using instead appellee's roadway.

On October 7, 1896, the New England Land Company filed in the office of the county recorder of Maricopa County, Arizona, the plat of Woodford Addition, which was therein recorded in Book 2 of Maps at page 54. This map (of the lots, blocks, and streets of Woodford Addition to Glendale, Arizona) covered all of Section 8, T 2 N, R 2 E, Maricopa County, except 80 acres. The addition was surveyed and

platted by H. R. Robinson, surveyor, and the plat purports to be a true and correct map of said Woodford Addition to Glendale, showing the lots, blocks, and dimensions of the same and the width of all streets, and dedicates the streets to the public.

Some of appellants herein own property to the south of the property of this appellee, and, as stated, there was a street between the property to the south and appellee's Lot 10, and said right of way was established with the filing of the townsite plat by the New England Land Company in 1896.

On June 22, 1944, appellee filed a plat subdividing said Lot 10 (which consists of approximately 10 acres) of the Woodford Addition under the name of Sheets Addition, and sold lots from same.

Appellants defended this action by alleging:

"* * * that a right of way approximately 50 feet in width runs east and west between Blocks 1 and 2 of Woodford Addition, from 10th Avenue (the east boundary line of the present City of Glendale) to a highway known as Lateral 17. That appellants own the lands located on the south side thereof and that they and their predecessors in interest have used said private right of way by peaceable and adverse possession for more than 10 years preceding the institution of this suit, and that said right of way includes the identical land claimed by appellee to be owned by him,

and that appellee's cause of action did not arise within 10 years next before the commencement of this action."

Also defendant filed a cross complaint for damages for obstructing said private right of way and preventing appellants from using the same.

For a better understanding of the location of the property of the prespective parties hereto, Lot 10 owned by appellee is located in Block 1 of the aforesaid Woodford Addition, and the property of appellants is located in Lot 1, Block 2, lying directly south thereof.

The case was tried by the court with jury and one interrogatory was submitted to them, being as follows:

"Have the defendants and their predecessors in interest used the roadway as now existing west from Lateral 17 to Tenth Avenue through Woodford Addition to Glendale, Maricopa County, Arizona, peaceably, adversely, openly and continuously for a period of not less than ten years prior to July 7, 1945, the date of the filing of the complaint herein?

"Answer. No."

And from the negative answer to that interrogatory, the court rendered its judgment. From that judgment and motion for new trial this appeal is taken.

Appellants have several assignments of error supported by many propositions of law, but we think that from the following

assignments of error we can do justice to appellants in the disposition of this case:

"That no evidence has been adduced showing that the dedication of a public highway attempted by the filing of the plat of Woodford Addition has ever been accepted, actually or constructively.

"That no evidence has been adduced showing that the alleged public highway was ever located as a public highway by the Board of Supervisors, or that same was ever recorded as a public highway by authority of said Board of Supervisors."

The court erred in finding and adjudging that the attempted dedication of a public highway by the filing and recording of a plat of Woodford Addition, by New England Land Company, on October 7th, 1896, had been accepted, for the reason that said finding and adjudication does not conform to the pleadings or the proof.

The court erred in propounding and submitting to the jury the single interrogatory heretofore set forth haec verba, as said interrogatory did not embody or relate to any issue of fact joined by the pleadings.

■ The case of Butler v. Quinn, 40 Ariz. 446, 14 P.2d 250, 252, is one where appellee had brought an action against appellants to enjoin appellants from obstructing and blocking a certain private lane north of the City of Phoenix. In many respects the case is similar to the one at bar. In bringing about an agreement for the division of two 80-acre tracts of land adjacent to each other and comprising the southwest quarter of the section, a temporary map showing a lane at a certain place was agreed to by all persons, and someone without authority recorded the said map. From the body of the opinion we quote:

"Public records are, of course, notice to all persons of the existence and contents of their properly recorded documents. Section 972, Rev. Code 1928; Arizona Land, etc., Co. v. Markus, 37 Ariz. 530, 296 P. 251; Lewis v. State, 32 Ariz. 182, 256 P. 1048. Had plaintiffs made a search of these records, as reasonably prudent men would do before making the purchase of the property they now own, they would have found that their predecessor in interest had deeded to them property whose boundaries were described as being shown on a certain map. They would also have found that the owners of the property adjoining them to the north had by various deeds recognized and accepted the boundaries shown in such map as being the boundaries of tract A, as shown thereon. They would further have found that the only map answering the description set forth in all of these deeds was the map which was offered and received in evidence. Having received notice from the county records that defendants had accepted the boundaries of their property, as shown by a certain map, we think when they made their purchase that they were entitled to rely on the declarations of defendants to the

effect that the boundaries as shown in such map were the true ones, and the rights of way shown therein were recognized by the latter. It would make no difference for this purpose whether the map in question were properly recorded or not. The vital point is that the recorded deeds referred to it in such a manner that it could be definitely and positively identified. Since they did, it is immaterial whether it was in the possession of the county recorder legally or illegally, or whether it were anywhere else. So long as it was so identified, plaintiffs were entitled to rely upon it as showing the true boundaries, including roads and rights of way, and it was properly admitted in evidence for that purpose."

The record now before us also shows that the deeds through which appellants deraigned their title described the property by reference 'to the Woodford Addition Plat of 1896, hence they were charged with knowledge of the boundaries of the streets therein dedicated to the use of the public.

By the complaint filed by appellee the allegation is made that "they be enjoined and restrained from coming upon the private property of the plaintiff and upon any of the property of said Lot Ten (10), of Block One (1), of Woodford Addition, as above described, and using the same as a street or public highway, * * * that the defendants, and each of them, be required to remove the enclosures and fences which they now maintain, upon the true street and public way south of and adjacent to the south boundary line of Lot Ten (10), of Block One (1), of said Woodford Addition (the property of appellee), and that they be restrained from interfering with the reasonable use of said street as and for a public street and highway; * * *"

By the answer of appellants they allege "That since the year 1896, or thereabouts, plaintiff and his predecessors in interest have sat. by and permitted defendants, and their predecessors in interest, to erect fences, and buildings and residences within such enclosures * * *."

Appellants complained and assigned as error the giving of the interrogatory heretofore quoted, and they submitted to the trial court the following instruction, which was refused:

"Instruction No. II. You are instructed that if you find defendants, and their predecessors in interest in and to lands lying immediately south of the roadway running West from Lateral 17, through Woodford Addition to Glendale, Maricopa County, Arizona, have peaceably and adversely possessed and enjoyed and used the same as a roadway for more than ten years prior to the commencement of this action, that is, prior to the 7th day of July, 1945, then you are to find that defendants have acquired a vested property right to said roadway as a private right or way."

The interrogatory submitted made the proposed refused instruction inapropos be-

218

cause title to a properly dedicated street can not be obtained through adverse use, hence the 10-year statute of limitations has no application to this phase of the case. It could apply only to the claimed use by appellants of appellee's property to the north, and as to that angle the judgment of the court based upon the factual finding of the jury in the interrogatory of non-use is binding upon this court.

█ The story of the rights of the parties hereto is told again and recently in our case Allied American Investment Co. v. Pettit, 65 Ariz. 283, 179 P.2d 437, 438. The facts therein are expressed by the following taken from said case:

"On March 26, 1913, Phoenix Title & Trust Company, Trustee, caused a plat of Willow Addition to be recorded in the office of the County Recorder of Maricopa County, on which plat Block 5 is marked 'Park.' The plat contains a formal dedication of the streets and alleys shown thereon, but makes no reference in specific words to any attempted dedication of Block 5 as a park. The property is not within any city or town. The entire addition was used for farming purposes as late as 1924 or 1925. Thereafter lots in the addition were sold and reference was made to the recorded plat in effecting such sales. For many years nothing was built on Block 5, though children played on it from time to time."

And the following part of said opinion is applicable to the instant case:

"We are of the opinion that the entire plat as filed, showing some 17 blocks, 11 streets, numerous alleys, and hundreds of lots, with their specific locations, dimensions, and boundaries, together with the block labeled 'Park,' constitutes the entire dedication. The rule 'expressio unius est exclusio alterius' has no application. The entire plat expressed everything; nothing was left unexpressed. The making and recordation of the plat coupled with sales of lots therein constituted the dedication. Evans v. Blankenship, supra [4 Ariz. 307, 39 P. 812]. The use by the purchasers of lots and the general public constituted a sufficient acceptance. Collins v. City of Phoenix, 9 Cir., 54 F.2d 770. By the statutes in effect at the time the dedication was made, the fee in the dedicated property passed to the county in trust for the public and for the uses described. In this respect the dedication was different from a dedication at common law where the effect was that the public simply acquired the use for the purposes for which it was dedicated, and the fee remained with the dedicator. See Vol. 4, § 1725, McQuillin, Municipal Corporations (2nd Ed.); Thorpe v. Clanton, 10 Ariz. 94, 85 P. 1061.

"The dedicator in this instance in subdividing Willow Addition dedicated the streets, alleys, and park to a public use, and the title therein vested in the county. Collins v. Wayland, supra [59 Ariz. 340, 127 P.2d 716]. * * *"

It is the definite opinion of this court that the appellants have established no right upon the premises of appellee, and under the foregoing opinions could not enclose and put to their own use the street that was dedicated as shown by the plat of Woodford Addition dividing Blocks 1 and 2 of said Addition.

The judgment is accordingly affirmed.

La PRADE and UDALL, JJ., concur.