231 P.2d 444

**DRANE et al. v. AVERY et al.**

No. 5280.

Supreme Court of Arizona.

Decided May 14, 1951.

Rehearing Denied June 14, 1951.

V. L. Hash and Virginia Hash, Phoenix, for appellants.

Cox, Lockwood & Lockwood, Phoenix, for appellees.

STANFORD, Justice.

This action was brought by plaintiffs, (appellants herein) in the superior court, asking for a mandatory injunction for injury allegedly resulting from defendants' obstruction of a public street, and also asking damages in the sum of $1,000 sustained as a result thereof.

The street in question, which we shall refer to as Fourth Street, is located in the Alhambra Amended Subdivision, northwest of the city of Phoenix, Arizona. It runs in a northerly direction, forming the east side of a triangle bounded on the southwest by Grand Avenue, a four lane highway running in a northwesterly direction, and on the north by the Grand Canal, which at that point runs in a somewhat westerly direction. Fourth Street intersects Grand Avenue at the southernmost corner of the triangle and extends to, but not across the canal at the northeast corner thereof, forming a dead-end street or a "cul-de-sac" some 200 yards in length.

The undisputed facts brought out in the trial court show that the land within and surrounding this triangle area was subdivided in 1895, that the map or plat recorded at that time, and still of record, designates Fourth Street as a roadway, 66 feet in width within the said subdivision. The plaintiffs are owners of land abutting Fourth Street on the east, and land belonging to defendants abuts the same on the west.

For a number of years, possibly since the subdividing but undisputedly since 1905, the only part of Fourth Street used as a public way has been the eastern portion thereof, averaging approximately 25 to 35 feet in width. It appears that a row of trees and a fence have bordered this strip on the west for some years, and since 1945, defendants have placed various structures

on the unused portion of the street, west of the fence, including, among other things, a bath house, a cess pool and butane tank for use in connection with a trailer court. Additional facts brought out at the trial also indicate that the portion of the street in use is only 10 to 15 feet wide in places, due to the meandering path of the trees and fence, rendering it almost impassable at times.

Plaintiffs brought suit asking (1) that a mandatory injunction be issued requiring that all "barriers and obstacles" be removed from the roadway and that defendants be forever barred from obstructing the said road; and (2) that plaintiffs recover $1,000 damages as compensation for injury to their premises.

The case was tried without a jury, and at the close of plaintiffs' case, defendants made their motion for judgment. The motion was granted and judgment entered thereon. From this judgment and from an order of the court denying plaintiffs' motion for a new trial, this appeal is taken.

Plaintiffs' brief contains nine assignments of error, alleging that the judgment is contrary to law and not supported by the evidence, in that the street was dedicated to public use and has remained so, not having been abandoned nor the dedication affected in any manner, and that title thereto or any part thereof may not be obtained through adverse possession. Two of the assignments also aver that plaintiffs are proper parties to maintain this action,

having suffered special damages by defendants' actions, and that estoppel and laches constitute no defense to an action such as the one at hand, where the action is brought in behalf of the general public as well as in an individual capacity.

It is well settled in this jurisdiction that the making and recordation in the county recorder's office of a city addition plat, showing lots, blocks, dimensions thereof and width of all streets coupled with sales or lots therein, constitutes a "dedication" of such streets, and use thereof by purchasers of lots and the general public constitutes sufficient acceptance of the dedication, by which fee in the dedicated property passes to the county in trust for the public and the described uses. Edwards v. Sheets, 66 Ariz. 213, 185 P.2d 1001; Allied American Investment Co. v. Pettit, 65 Ariz. 283, 179 P.2d 437, and cases cited therein.

That there was a valid and effective dedication of the street to public use at the time of the subdivision and that that dedication has continued uninterrupted until the present, is undisputed by the parties herein on appeal. Also defendants do not deny that they have used and obstructed the portion of the roadway not used by the public. It is defendants' contention, in support of their judgment, that plaintiffs have shown no special damages in addition to the general injury suffered by the public as a result of the obstruction, and therefore are not proper parties to maintain this action, and also that plaintiffs were guilty

of laches in bringing this action and are estopped by reason of the fact that the occupancy of the portion of Fourth Street in question by the defendants has been acquiesced in by plaintiffs and their predecessor in interest for so long a period that defendants, relying thereon, were justified in erecting the obstructions mentioned above.

The only questions presented by this appeal for our determination then are: (1) Are the plaintiffs proper parties to maintain an action for the relief sought here; and (2) Were they guilty of laches in failing to pursue their cause of action diligently and thereby estopped to deny defendants' right to use the roadway as they did?

From 40 C.J.S., Highways, § 226 (b), discussing the use of injunction for the removal of obstructions from public highways we quote: "Where a road is shown to be an existing public highway, a private individual is entitled to an injunction against encroachments or obstructions thereon when, and only when, he has sustained special damage, different not merely in degree but in kind from that suffered by the public at large; * * *."

In the case of Mackey v. Aycock, 83 Okl. 175, 201 P. 365, 366, the court recognized the following as controlling law regarding special damages to a land owner: " * * * the obstruction of a public highway may be considered as specially injurious to a private landowner * * * where the obstruction is not in front of the abutting property, but in such proximity to it upon the street or highway upon which the property abuts that the abutting owner's use and enjoyment of the property is destroyed or greatly interfered with and its value depreciated; * * * (or) in cases where property the access to which has been interfered with by an obstruction is not adjoining the highway or street upon which the obstruction exists, if such street or highway is the owner's only means of access to the property."

See also Whitney v. Crittendon, 112 Or. 278, 229 P. 378; Siegenthaler v. Newton, 174 Okl. 216, 50 P.2d 192; Thomas v. Farrier, 179 Okl. 263, 65 P.2d 526. Owing to the peculiar circumstances surrounding the location of plaintiffs' property between the canal and Grand Avenue, and the fact that Fourth street is only open at one end, being at the intersection of Grand Avenue, plaintiffs' only access to their property is over the strip of roadway in question. It is argued by defendants that plaintiffs have shown no specific decrease in the market value of their property and therefore have not shown special damage. However, according to the authority cited, a mere interference with a party's only access to his property constitutes special injury. We hold therefore that plaintiffs, having suffered such special damages, are proper parties to maintain an action asking injunctive relief therefor.

The only question remaining for our consideration pertains to the matter of laches

104

on the part of plaintiffs in bringing this action. The evidence presented at the trial indicates that prior to the subdividing, there was only a narrow lane where the eastern portion of Fourth Street is now located, and after the subdivision was completed, the street, 66 feet in width as dedicated, was never completely opened up or put to public use and was never extended across the canal. Defendants have owned their land continuously since 1905 and plaintiffs acquired their land in 1945 and 1946. It is undisputed that for a period of years there has been a fence along the west side of the used portion of Fourth Street, being near the center of the dedicated roadway. At some time prior to plaintiffs' purchase of their property, there were a number of trees planted near the west side of the said fence. Evidence also shows that at the present time, the fence is nailed to the trees in places.

The testimony in the trial court indicates that from 1945 until 1947, defendants were engaged in constructing the structures complained of, the cess pool, bath house, etc., that the said structures were placed on a strip of land dedicated as a part of Fourth Street, immediately west of the above mentioned fence, and that while the foundations were being laid for the bath house, apparently some time in the latter part of 1946, plaintiffs objected to defendants' use of the roadway in such a manner. Testimony also indicates that these objections were made to the defendants themselves and continued until immediately prior to the date of commencement of this action, January 11, 1949. Argument is made by defendants that plaintiffs' testimony, regarding their objections to defendants' actions, was uncorroborated and therefore the trial court, in granting defendants' motion for judgment was justified in disregarding any such testimony.

■ To reiterate, the case herein was tried without a jury, and defendants entered their motion for judgment at the close of plaintiffs' case. Such a motion for judgment was made during the progress of the trial and is comparable to a motion for a directed verdict made during the progress of a jury trial. From Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201, 204, cited with approval in Gallaway v. Smith, 70 Ariz. 364, 220 P.2d 857, we quote: "Ordinarily an appellate court in determining an appeal views the evidence, where it is conflicting, in the light most favorable to a sustaining of the lower court's judgment. (Citing case.) A reverse rule however applies where, as here the trial court directs the jury to return a verdict for the defendants. The conflicting evidence then must be viewed in a light most favorable to plaintiff. Cope v. Southern Pac. Co., 66 Ariz. 197, 185 P.2d 772; Dieterle v. Yellow Cab Co., supra (34 Cal.App.2d 97, 93 P.2d 171) * * *.

See also Canion v. Southern Pac. Co., 52 Ariz. 245, 80 P.2d 397; Ridara Livestock Co. v. Agricultural Products Co., 61 Ariz. 473, 150 P.2d 761.

While, as pointed out by defendants, plaintiffs' testimony was uncorroborated and not admitted by defendants, still such competent testimony must be taken in the light most favorable to the plaintiffs.

■ Summarizing evidence presented at the trial, plaintiffs acquired their land in 1945 and 1946, construction of the items complained of by defendants was continued through 1946 and into 1947, during which time, and after which plaintiffs objected strenuously, attempting to induce defendants to remove them, and complaint in the present action was filed January 11, 1949. In view of the fact that the last obstruction was placed on the land apparently some time in 1947, at which time plaintiffs' last cause of action arose, and they followed this by filing suit in January of 1949, we hold that the lower court erred in granting judgment for defendants, which was based on laches on the part of plaintiffs.

■ It is also argued in defendants' brief that acquiesence in the conditions prevailing by the plaintiffs and their predecessors in interest for a number of years, gave defendants a right to rely on the existing condition of the roadway as permanent, because of the two year statute of limitations. Of course title to a properly dedicated street or any part thereof cannot be obtained through adverse possession or use; Edwards v. Sheets, supra, and from 39 C.J.S., Highways, § 131(b), we quote: "If a highway is legally laid out and established, the mere fact that the public does not use it to its entire width will not of itself constitute an abandonment of any portion thereof. The rule is the same whether or not the road is fenced by the adjoining landowners. Encroachments on a highway continually used cannot be legalized by mere lapse of time; the limited use will not lessen the right of the public to use the entire width of the road whenever the increased travel and exigencies of the public render this desirable. * * * *" following which, § 132 of 39 C.J.S. says: "In the absence of any statutory provision on the subject, the fact that there has been delay in opening up a highway cannot generally be relied on to defeat the right to the way, nor will failure to keep a road in repair constitute an abandonment of the road."

Accordingly we hold that the trial court erred in granting defendants' motion for judgment, and we hereby direct that the judgment be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.