271 P.2d 480

AVERY et al.  v.  DRANE et al.

No. 5694.

Supreme Court of Arizona.
June 14, 1954.
Rehearing Denied Sept. 21, 1954.

Cox & Cox, Phoenix, Harry T. Goss, Williby E. Case, Jr., Rudolph Mariscal, Phoenix, of counsel, for appellants.

V. L. Hash, Phoenix, for appellees.

PHELPS, Chief Justice.

This is an appeal from a judgment in favor of appellees against appellants commanding appellants to forthwith remove all barriers and other obstructions *placed by appellants* on that public road designated and known as Fourth Street running north and south between Grand Canal on the north, and Grand Avenue on the south, approximately three miles northwest of the city limits of the city of Phoenix.

This cause has been in this court before (see Drane v. Avery, 72 Ariz. 100, 231 P.2d 444, 445) and the facts developed in the second trial are substantially the same as were developed in the first trial of the case except that the evidence in the last trial disclosed that one of the appellants has constructed further barriers and obstructions in the street since the first trial.

The facts are that the triangular area here involved is a part of a tract of land which was subdivided in 1895 as the Alhambra Tract Amended and that the map or plat thereof recorded at that time insofar as we are here concerned designates Fourth Street which is the roadway involved in this litigation, as being 66 feet in width running north and south along a half-section line between Grand Avenue and Grand Canal, a distance of 638 feet. In 1945 Drane became the owner of Lots 7 and 16 on the east side of Fourth Street and adjacent to the canal. Shaffer owns five 100-foot lots on the east side of said street immediately south of the Drane property and extending down to Grand Avenue. The record does not disclose when Shaffer purchased his property. However, we deem this to be immaterial. Appellants Avery and Reasecker own the property immediately west of Fourth Street opposite appellees, Avery owning the south portion thereof extending to Grand Avenue and Reasecker the north portion adjacent to the Grand Canal. Avery purchased his property in 1945 or 1946. Reasecker has lived where he now lives since 1923, his father having owned the property prior thereto.

For many years, probably since its dedication as a public highway, the only part of Fourth Street used as a means of ingress and egress to the property adjacent thereto has been the eastern portion thereof extending from the east line of said roadway to a row of trees and fence somewhere near the half-section line and also near the middle of Fourth Street. There is a ditch running down the east side of the roadway belonging to the Water Users Association which apparently occupies a part thereof. The portion of the east half of the roadway actually in use is only 10 to 15 feet wide in places due to the erosion from the ditch and the meanderings of the trees and fence near the center of the roadway. Since 1945 appellant Avery has placed various structures on the unused portion of the street west of the fence including among other things a cement block wash house 14 x 20 feet in size, a cesspool, and butane tanks for use in connection with a trailer court. These were shown to have been obstructions present in the highway at the time of the first trial of this case. Since that time apparently appellant Avery has placed in the roadway approximately eleven concrete slabs to be used in connection with trailers located on said roadway in a trailer court operated by appellant Avery. Within a few months immediately prior to the second trial of the cause, he constructed an incinerator on the west half of the roadway for

the purpose of taking care of paper and trash. Also of recent construction is a tool room built of wood, constructed by Mr. Avery which is also wholly within the street. He has also planted young trees on said roadway within the past two years in the vicinity of the trailer slabs. There are also large tamarisk trees growing on the roadway fronting Avery's property, and a high-line pole stands near the center of the street. The evidence does not disclose by whom either the pole or the tamarisk trees were placed in the street.

To the north on the Reasecker premises nothing has been placed on the street in recent years but there is growing upon the west half of the street citrus trees, two or three rows, within the boundaries of the street which are several years old. These were unquestionably set out by Reasecker as the evidence discloses they are only 20 to 25 years old. Soon after appellee Drane purchased his property both he and Shaffer called upon appellants and protested against the use of Fourth Street by them and especially protested against the construction of buildings and other obstructions upon the roadway by appellant Avery. Reasecker informed Drane that the road had been as it is now and the trees had been in the center of the road too long to do anything about it. Each of appellants refused to remove the obstructions in the road and this action was insituted by appellees seeking an injunction which the court granted as above stated.

At the close of appellees' case the court declined to permit the appellants who were defendants below to introduce any evidence in support of the allegations of their answer upon the ground that the court was bound by the decision of this court between the same parties in Drane v. Avery, supra. Among other things the appellants assign this as error and claim that the cause should have been tried de novo because of its having been remanded to the lower court for further proceedings not inconsistent with the opinion rendered by this court. We believe this point is immaterial to a solution of the question presented in the light of the record. Appellant bases his argument upon the ground that he has been denied his day in court. We do not agree with this position at all. At the close of plaintiffs' case at the second trial when the court announced its ruling counsel for appellants proffered to the court evidence which he would show if permitted and which he claimed would constitute a good and valid defense to the appellees' complaint. This was transcribed and is a part of the record in this case. Therefore, notwithstanding the fact that the court sustained the objection to the evidence proffered it is before us and it is not only our right but our duty to examine it to determine whether the court erred in sustaining objection thereto. The proffered evidence is based upon the allegations of appellants' answer to the complaint.

An examination of the evidence proffered by appellants to the effect that the trees and fence in the highway existed at the time defendants purchased their property and for a long time prior thereto, that they had constructed no additional obstructions in the highway which in any way prevent appellees from the use of said road known as Fourth Street in the condition as they have known it since they acquired title to the adjoining land on the east, and that the fence was placed in the middle of the road by agreement of the predecessors in interest of appellees and from whom they deraign their title to the property and that Mr. Reasecker has not at any time placed any obstructions in the highway since he has owned the property is wholly immaterial to the issues in this case. What appellees' predecessors in interest did is not binding upon the appellees, and does not tend to establish an equitable estoppel. The court therefor did not err in refusing its admission. We said in our former opinion Drane v. Avery, supra:

"It is well settled in this jurisdiction that the making and recordation in the county recorder's office of a city addition plat, showing lots, blocks, dimensions thereof and width of all streets coupled with sales or [of] lots therein, constitutes a 'dedication' of such streets, and use thereof by purchasers of lots and the general public constitutes sufficient acceptance of the dedication, by which fee in the dedicated property passes to the county in trust for the public and the described uses. (Citing cases.)

"That there was a valid and effective dedication of the street to public use at the time of the subdivision and that that dedication has continued uninterrupted until the present, is undisputed by the parties herein on appeal. Also defendants do not deny that they have used and obstructed the portion of the roadway not used by the public. * * * *"

The court further said:

"It is also argued in defendants' brief that acquiescence in the conditions prevailing by the plaintiffs and their predecessors in interest for a number of years, gave defendants a right to rely on the existing condition of the roadway as permanent, because of the two year statute of limitations. Of course title to a properly dedicated street or any part thereof cannot be obtained through adverse possession or use; * * *."

citing Edwards v. Sheets, 66 Ariz. 213, 185 P.2d 1001, which holds that appellants in that case by enclosing and cultivating a dedicated street for a number of years acquired no rights whatever thereto.

The question of laches is not pleaded as a defense in this case and will not be considered by us. Appellants have pleaded estoppel however. We find none of the ele-

ments of estoppel either in the evidence adduced by appellees or in the proffered evidence of appellants. The evidence clearly shows that from the time appellee Drane purchased his property both he and Shaffer objected to the obstructions of the roadway by appellants. They sought to have the obstructions removed without litigation and, failing in their efforts, they brought this action within reasonable time thereafter. Appellants therefore placed none of the obstructions upon the west half of the highway relying upon acquiescence on the part of appellees. Am.Jur., Vol. 19, Sec. 34, Estoppel, states that:

" * * * Equitable estoppel or estoppel in pais is the principal by which a party who knows or should know the truth is absolutely precluded, both at law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words. or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a way that he would suffer injury if such denial or contrary assertion were allowed."

Justice Lockwood defined estoppel in the case of Peterson v. Hudson Ins. Co., 41 Ariz. 31, 43, 15 P.2d 249, 252 as follows:

" * * * The essential elements of an estoppel are that the party estopped, with full knowledge of the facts, must have asserted a particular right inconsistent with the one which he later sets up, to the prejudice of another who has relied on his first conduct. * * * "

No act of omission or commission on the part of appellees inconsistent with their action in bringing this suit appears in the record either in the evidence of appellees or in the proffered evidence of appellants. There is no claim apparently that appellants have relied upon any act or acquiescence of appellees to their prejudice which in anywise protects them in their obstruction of Fourth Street. Appellants' reliance seems to be grounded upon the acquiescence of appellees' predecessors in interest during the past 30 to 40 years during which time the trees and fences were placed in the roadway. Equitable estoppel does not arise in such a manner. Equitable estoppel arises only against the actor because of his previous inconsistent acts relied upon by another to his prejudice.

"Lord Coke said 'The name "estoppel" or "conclusion" was given because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth.' " Steffens v. Nelson, 94 Minn. 365, 102 N.W. 871, 873.

See Words and Phrases, Estoppel, p. 598, et seq. There is not a scintilla of evidence

334

that appellees acquisced in the road blockade by appellants. It is all to the contrary. Counsel for appellants did not include in his avowal that he would or could show such acquiescence.

■ There cannot be the slightest doubt but that appellees have shown special damage in being denied proper egress and ingress to their property and are therefore entitled to maintain this cause of action. The whole of Fourth Street having been dedicated to public use in 1895 no acceptance by the county was necessary to its completion. See former opinion, Drane v. Avery, supra. It is immaterial that it has never been opened in its entirety or that Renaud, Reasecker and others endeavored to exercise proprietary rights over it by attempting to change its location and to narrow its width. Fourth Street was dedicated to the county in trust for the whole public and open and notorious use thereof adversely to the county can never ripen into a proprietary interest therein. See former opinion, Drane v. Avery, supra. Although appellees have presented 18 assignments of error for our consideration we believe that we have sufficiently covered all of them.

Therefore, basing this opinion on the evidence adduced by appellees and the evidence proffered by appellants, treated in the light most favorable to appellants, we hold that if the evidence had been received in toto there was no part of it which would have constituted a valid defense to the claim of appellees.

It is therefore ordered that the judgment of the trial court be affirmed.

STANFORD, LA PRADE, UDALL and WINDES JJ., concur.