435 P.2d 726

Andrea CRACCHIOLO and Carmelita Crac-
chiolo, husband and wife, Appellants,

v.

The STATE of Arizona, Appellee.

No. 2 CA–CIV 310.

Court of Appeals of Arizona.

Dec. 29, 1967.

Rehearing Denied Feb. 7, 1968.

Review Denied March 12, 1968.

598

Dunseath, Stubbs & Burch, by G. Eugene Isaak, Tucson, for appellants.

Darrell F. Smith, Atty. Gen., Phoenix, J. Mercer Johnson, Special Asst. Atty. Gen., Tucson, for appellee.

HATHAWAY, Chief Judge.

The appellants, Mr. and Mrs. Cracchiolo, brought an action in inverse eminent domain to recover damages to their property for loss of access resulting from construction of a controlled access highway in the City of Tucson, Arizona. The cause was tried to the court, sitting without a jury, solely on the issue of liability and this appeal is from a judgment against the Cracchiolos and from the court's order denying their motion for a new trial.

In 1948 the Arizona State Highway Commission adopted a resolution calling for the construction of the Tucson Controlled Access Highway. On November 7, 1949, the State received from Louis C. Carrasco, appellants' grantor, a deed for a portion of his property, being land which lay within the proposed right-of-way.

Construction of the highway, which was a "new take" in that the construction was overland where no previous road existed, began on November 22, 1950, and one lane completed and opened to public travel on December 22, 1951. The right-of-way was cleared adjacent to the highway and a four-strand barbed wire fence constructed with steel posts was erected on the boundary between the right-of-way and the abutting properties for a considerable distance including the westerly boundary of the property in question. In the latter part of 1962 a chain link fence was erected, approximately twenty feet inside the highway right-of-way, paralleling the boundary of the appellants' property. The chain link fence was not placed on the boundary in order to allow for servicing "utilities" within the right-of-way but outside the travelled portion of the road.

The Cracchiolos purchased the remainder of the Carrasco property on September 7, 1955, approximately four years after the highway had been opened to public travel. Their son, Joseph Cracchiolo, testified that he had represented his parents in the acquisition of the property and that before the purchase he was aware of the resolution establishing the controlled access highway and "assumed" that the State had recorded plans for construction of the highway. He also testified that he knew there were no access rights across the fence. The appellants did not testify.

The appellants concede that the highway was constructed where no highway previously existed and that no access rights would ordinarily accrue to landowners abutting upon the new highway, Busby v. State, 101 Ariz. 388, 420 P.2d 173 (1966); Ortega v. State, 6 Ariz.App.

.356, 432 P.2d 904 (1967). They contend, however, that the facts presented "warrant" a different result through the application of a different rule of law. Appellants point out that the statutory procedure for opening a new highway, A.R.S. § 18–154, requires a highway commission resolution authorizing acquisition of all property necessary to construct the proposed highway. They maintain that the State is nowhere empowered to establish a controlled access highway solely by a resolution and that some physical act is required which will prohibit an abutting owner from entering a highway. The appellants assert that the "mere intent" recited in the resolution to establish a controlled access highway, when standing alone, is insufficient. They claim access rights through, (a) the failure of the State to physically prohibit them from entering the highway; (b) use of a partially constructed portion of the highway without access being controlled; (c) estoppel in the State to deny liability for damages for loss of access because of advice by a State employee that access would be provided or a frontage road would be constructed and in reliance on this promise the property was acquired.

We have segregated, for the purposes of our opinion, the foregoing questions presented by appellants, for the reason that their thrust is directed to the factual findings made by the trial court: " * * * that the Plaintiffs or their predecessors in interest never had a right of direct access to the highway." The appellants have not questioned the sufficiency of the evidence in support of the judgment, but have proposed conclusions which they would prefer and ignore evidence in the record which is inconsistent with those conclusions.

It clearly appears that the highway was intended for, designed and used as a controlled access highway. The barbed wire fence, erected along the boundary between the right-of-way and the property in question, constituted a substantial barrier. We need not determine whether the mere passage of a resolution authorizing the construction of a controlled access highway was sufficient, because a construction contract was let, construction took place and physical barriers were placed along the right-of-way prior to the acquisition of the property by the appellants. Appellants' authorities that mere passing of a resolution " * * * stating a highway is to be access controlled * * * " are inapposite.

■ Whether relevant or not the court's exclusion of testimony of a plaintiffs' witness proffered to establish that the barbed wire fence constructed by the State was not the usual type of barrier placed along other Arizona controlled access highways could not have prejudiced the appellants' cause. We do not follow their argument in their opening brief that the State acquiesced in the removal of such barriers. We find no evidence of such acquiescence. Nor are we impressed with their argument that the barrier was insufficient to prevent access from accruing.

The Cracchiolos offer no authority which requires the State when barricading a highway to use any specific means in effectuating that barricade. Certainly, upon approaching a four-strand barbed wire fence, the reasonable person would conclude that someone had cordoned off the area on the other side of the fence. It is facetious to believe that a reasonable person would consider such a fence an insufficient barrier to prohibit them from driving their automobile to the highway on the other side. We find that the type of barricade used by the State is irrelevant when the actual barricade is shown to be reasonably effective.

■ Appellants' counsel made an offer of proof during trial that Joseph Cracchiolo, appellants' son, had, prior to appellants' acquisition of the property, talked to a State engineer in regard to access rights to the property. The engineer, when informed by appellants' son that the State had not secured access rights to the remaining Carrasco property, stated that it may be necessary when the freeway was completed to put a frontage road in so that access would be furnished. The appellants

contend that this testimony was erroneously rejected and should have been admitted as an admission against interest and that the State should be estopped from claiming no access rights accrued to the appellants.

■ We believe that the court properly rejected the offer of proof. The case of *Kerby v. State*, 62 Ariz. 294, 157 P.2d 698 (1945) is fully dispositive of the estoppel contention by the plaintiffs. In *Kerby*, our Supreme Court stated the general rule applicable in these cases:

"'* * * the general rule is that laches, acquiescence, or unreasonable delay in the performance of duty on the part of the officers of the state is not imputable to the state when acting in its character as a sovereign.'

"We know of no authority to the contrary and no decisions have been cited by the defendants in support of their defense of estoppel. We, therefore, hold under the established rule that this defense is ineffectual." 62 Ariz. at 308, 157 P.2d at 705.

The State is certainly acting in its sovereign authority in condemnation proceedings. Estoppel *in pais* will not prevent the State from asserting any of its defenses or claims. *Kerby v. State*, supra; *State v. Jacobi*, 73 Ariz. 193, 239 P.2d 1081 (1952); *Sanitary District No. 1 of Pima County v. State*, 1 Ariz.App. 45, 399 P.2d 179 (1965); and, *Columbia Investment Co. v. M. M. Sundt Construction Co.*, 1 Ariz.App. 124, 400 P.2d 132 (1965).

■ We are also unable to concur in the appellants' contention that their alleged continuous trespass across the barbed wire fence and onto the highway, even though true, would accrue to the plaintiffs as a right of access gained by prescription. A controlled access highway is for the benefit of the entire public, rather, as in the case of a simple street, than for the benefit of the abutting property owners. Generally, in the absence of legislation to the contrary, no easement can be acquired in property of the State, particularly such property as is held for public use; at least there can be no such right of user by an individual as will interfere with public rights in the property. *Burgett v. Calentine*, 56 N.M. 194, 242 P.2d 276 (1951); *Verrill v. School City of Hobart, Lake County*, 222 Ind. 214, 52 N.E.2d 619 (1944); and, *Jacobsen v. Incorporated Village of Russell Gardens* (Misc.) 201 N.Y.S.2d 183 (1960). See also, *Drane v. Avery*, 72 Ariz. 100, 231 P.2d 444 (1951); *Edwards v. Sheets*, 66 Ariz. 213, 185 P.2d 1001 (1947); and, *Calhoun v. Moore*, 69 Ariz. 402, 214 P.2d 799 (1950).

The findings of fact appear firmly stanchioned in the record. We defer to the trial judge's coign of vantage for making such findings. Rule 52(a), Rules of Civil Procedure, 16 A.R.S.

The judgment is affirmed.

KRUCKER, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.