479 P.2d 430

David PRETZER, Appellant,

v.

O. M. LASSEN, State Land Commissioner, the State Land Department and La Osa Livestock Company, Appellees.

No. 2 CA–CIV 538.

Court of Appeals of Arizona, Division 2.

Jan. 15, 1971.

Cox & Johnson, by Donald C. Cox, Eloy, for appellant.

Gary K. Nelson, Atty. Gen., by Dale R. Shumway, Sp. Asst. Atty. Gen., Phoenix, for appellees O. M. Lassen, State Land Commissioner and the State Land Department.

Elmer C. Coker, Phoenix, for appellee La Osa Livestock Co.

HOWARD, Judge.

This is an appeal from the Superior Court of Pinal County, Arizona wherein that court dismissed an appeal from a decision of the Arizona State Land Commissioner.

The facts are that David Pretzer, appellant here, has been farming 27 acres of land adjacent to his patented land since approximately 1953. The only problem with this operation was that the land being farmed was the subject of a grazing lease held by La Osa Livestock Company, one of appellees here.

In 1964, the State Land Department notified La Osa Livestock Company, hereinafter referred to as La Osa, that the land was being farmed and that they expected La Osa to pay additional rental fees due to the fact the land was being tilled and not merely used for grazing.

On June 25, 1964, the subject land was re-classified from grazing to agricultural purposes and La Osa was granted a two-year lease. This lease was to expire on June 24, 1966. On March 30, 1966, the Land Department received an application for lease by David Pretzer. On April 14, 1966, the Land Department denied the application because there was an existing lease (held by La Osa) in effect. La Osa filed for renewal of the lease on May 11, 1966. On June 27, 1966, the Land Department issued a two-year renewal to La Osa. This issuance was appealed to the Superior Court where it was dismissed. This is the appeal from that dismissal.

Upon examination of the record in this case, we find we must affirm the trial court's dismissal.

The facts reflect that appellant filed a request for a lease with the Land Department on March 30, 1966. At that time, La Osa had a valid existing lease. It appears obvious that the Land Department cannot grant what it does not have to grant at that time. See General Rules and Regulations governing leasing of State Land, Rule 5, Art. 1, Subchapter B, Chapter II. Possibly appellant was making application for such time as the lease was to run out. (June 24, 1966.) If this was the case, he had thirty (30) days prior to the expiration of the lease in which to make application. This he did not do. La Osa, however, did file its application within the prescribed time. (30 to 60 days prior to expiration of the existing lease.) See General Rules and Regulations governing leasing of State Lands, Rule 15, Art. 1, Subchapter B, Chapter II. The only application before the Land Department for lease on the land which became open on June 24, 1966, was that of La Osa.

Appellant claims he has certain rights by adverse possession against either La Osa or the State of Arizona or both. He also claims the State is guilty of laches because it knew of appellant's farming of the land for a long period of time and did nothing about it.

█ The land in question is owned by the State of Arizona, not La Osa. The State leases the land for purposes it deems will best put the land to use. It is the general rule that statutes of limitation do not operate against the State and title to the State-owned lands cannot be acquired by adverse possession or prescription while the State retains its title. Cracchiolo v. State, 6 Ariz.App. 597, 435 P.2d 726 (1967); Hellerud v. Hauck, 52 Idaho 226, 13 P.2d 1099 (1932); State ex rel. Dawson v. Akers, 92 Kan. 169, 140 P. 637 (1914); Pratt v. Parker, 57 N.M. 103, 255 P.2d 311 (1953); 55 A.L.R.2d 578.

█ We are to determine here the validity of the trial court's actions. While it is true the trial court tries de novo cases involving the right to lease state lands, de-

cisions of the State Land Department in respect to the right to lease should be accepted by the court unless unsupported by or contrary to the evidence or the result of fraud or misapplication of law. Ehle v. Tenney Trading Company, 56 Ariz. 241, 107 P.2d 210 (1940).

 Here, at the time of application for lease by appellant, there was in effect a valid lease. The Land Department could not grant a new one at that time. At the time of expiration of the existing lease, there was only one applicant of record (within the statutory time) and that was La Osa Livestock Company who was granted the lease.

The trial court was correct in dismissing the appeal.

KRUCKER, C. J., and HATHAWAY, J., concur.