## LESLIE S. KEYES v. TOWN OF EXCELSIOR.[1]

July 17, 1914.

Nos. 18,678—(210).

**Plat — dedication of street.**

In 1882, Mann, who was the owner of land, platted a portion thereof as Birch Bluff, Upper Minnetonka. The property included in the plat fronted on the. shore of the lake, and was divided into lots of varying sizes fronting on the lake shore, with no streets between them. In 1883, while he was still the owner of all or a portion of the lots in Birch Bluff, Mann platted land in the rear of Birch Bluff as "Mann's Addition to Birch Bluff." By this plat Mann dedicated to the public the streets shown thereon. One of

[1] Reported in 148 N. W. 501.

these streets extended through Birch Bluff to the lake shore, and took 25 feet from the westerly side of lot 22 thereof, which was still owned by Mann. Plaintiff purchased lot 22 in 1907, and brought this action to determine the adverse claim of defendant to that part of lot 22 dedicated as a street by the second plat. It is *held:*

(1) The claim that the second plat does not show a street that takes 25 feet from the west side of lot 22 is not sustained.

(2) The dedication being a good statutory dedication, no proof of acceptance was necessary.

(3) R. L. 1905, § 1194, prescribing the width of roads established by town or county boards, has *no application to a street dedicated by plat.*

(4) The plat of Mann's addition was effective as a dedication to the public of a street through the land comprised in the plat of Birch Bluff, Mann being still the owner of the property dedicated as a street, and no rights of third persons having intervened.

Action in the district court for Hennepin county to determine adverse claims to a certain platted lot. The case was tried before Steele, J., who made findings and ordered judgment in favor of defendant for an easement and right of way for street purposes over the 25 feet in question. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*A. S. Keyes* and *Henry Ebert,* for appellant.

*Bardwell & Levi,* for respondent.

BUNN, J.

This is an action to determine an adverse claim of defendant to lot 22, Birch Bluff, Upper Minnetonka. Plaintiff alleged his ownership and actual possession of the lot, and that defendant unjustly claimed an estate or interest therein adverse to plaintiff. The answer alleged that defendant was the owner of and entitled to the use, occupancy and possession of a strip 25 feet in width off the west side of lot 22. The right to this strip for a street was claimed through a dedication by platting in 1883 of land lying immediately south of "Birch Bluff" into "Mann's Addition to Birch Bluff;" on this plat is shown a street called Third street, 25 feet in width and extending through "Birch Bluff" to the shore of Lake Minnetonka. This street takes 25 feet from the west side of plaintiff's lot, which

was 100 feet wide as shown on the prior plat of "Birch Bluff, Upper Minnetonka." The answer further alleged that plaintiff purchased lot 22 in April, 1907, then well knowing that 25 feet off the west side thereof had been for many years continuously used as a public street, and that he acquiesced in such use. Actual use and occupancy of the strip by the public as a street from 1883 was alleged. The reply was in substance a general denial.

The trial was to the court and resulted in a decision for defendant. This appeal is by plaintiff from an order denying a new trial.

The decision can be sustained only by holding that defendant acquired an easement for street purposes in the west 25 feet of lot 22, Birch Bluff, by the dedication of the strip as a street on the subsequent plat of the adjoining property. The facts are these: In 1881 John W. Mann was the owner of a large amount of land on and near the shore of Lake Minnetonka. In 1882 he platted part of it lying adjacent to the lake shore as "Birch Bluff." There are 28 lots in this plat; they are of varying widths and of different lengths owing to the irregularity of the shore line. Paradise avenue is shown as a 25-foot street extending lengthwise of the addition along the rear of the lots. There were no streets between Paradise avenue and the lake shore. Lot 22 was shown on the plat as 100 feet in width and approximately 150 feet in length from Paradise avenue to the shore. In 1883 Mann platted the land immediately south of Birch Bluff, as Mann's Addition to Birch Bluff. He was still the owner of many of the lots in Birch Bluff, and among them of lot 22. The new addition was divided into three blocks, and each block into lots. Between blocks 1 and 2 is shown Third street, extending northerly from the south line of the addition through to the lake shore, taking 25 feet from the west side of lot 22, Birch Bluff, as it passes through that addition. The streets shown on the plat were dedicated to the public, and the plat was duly recorded. No alteration was made on the plat of Birch Bluff, which was of record and showed no streets extending from Paradise avenue to the lake shore. The trial court held that as Mann owned lot 22 of Birch Bluff at the time he platted Mann's Addition, he could legally dedicate a portion of it as a street, and that the new plat operated as such dedication.

The claim that the plat of Mann's Addition does not show a street that takes 25 feet from the west side of lot 22, Birch Bluff, is not sustained.

Nor is there any merit in the claim that the town did not accept the dedication. It being a good statutory dedication, if any at all, no proof of acceptance was necessary.

Section 1194, R. L. 1905, prescribing the width of roads established by town or county boards has no application to a street dedicated by plat.

A claim that is less free from doubt is that the plat of Birch Bluff could only be altered by the court upon the application of an owner of land included in the plat, under R. L. 1905, § 3369, and therefore that a lot shown by the plat could not be reduced or altered in size by a street shown on the subsequent plat of adjoining property. But we think the contention unsound. At the time Mann made and recorded the second plat he was the owner of lot 22, and of many of the lots in Birch Bluff. He had a clear right to give all or part of that lot for a street if he wished to. At the time no rights of purchasers of lots in the plat of Birch Bluff had accrued. We see no legal difficulty in the way of holding the second plat effective as a dedication to the public of a street through the land comprised in the first plat so long as Mann was still the owner of the land dedicated, and no rights of third persons had intervened. The case of Great Northern Ry. Co. v. City of St. Paul, 61 Minn. 1, 63 N. W. 96, 240, is in point. Borup platted Kittson's Addition to St. Paul. On this plat Market street, now Broadway, terminated at the northerly boundary of block 80, and did not extend to the river. Oakes later became the owner of the tract comprising Kittson's Addition, and caused another plat of Kittson's Addition to be made which included land not included in the Borup plat. On Oakes' plat, Broadway extended to the river through block 80, taking 60 feet from the westerly side thereof. Justice Buck said: "It is immaterial in this case that Oakes laid out or platted the Kittson property which he had purchased of Borup by an additional, different plat. If he owned the property, he was at liberty to make such an additional plat of the property as he saw fit, not inconsistent

with the public and private rights previously acquired under the Brunson plat. Beyond that right, he could dedicate streets to public use, or make conveyances to other parties."

We are unable to see why Third street, extending from Paradise avenue to the shore of the lake, did not become a public street when the plat of Mann's Addition was filed. Plaintiff purchased his lot in 1907, according, it is true, to the "Birch Bluff" plat, on which it appears as 100 feet in width. The grantor was William F. Mann, a son of John W. Mann, who executed both plats. Plaintiff claims that he was not told that the lot was only 75 feet in width, and did not know it. Mann testified that he informed plaintiff's father, who purchased the lot for plaintiff, that it was 75 feet in width, but this was disputed. It is probably true that the knowledge could not be obtained from an examination of the ground. It is admitted that from the time of his purchase plaintiff paid taxes on 75 feet only, and that he helped build a sidewalk on the disputed strip. But we regard the question of plaintiff's knowledge of the existence of a street as immaterial, and we do not pass on the suggested estoppel of plaintiff arising from the facts stated. The case is not between Mann and plaintiff, but between plaintiff and the town of Excelsior. Its title or right is not dependent upon plaintiff's knowledge that there was a street, but upon the validity of the dedication by John W. Mann. The fact that the first plat was not altered in the manner prescribed by statute, does not, we think, affect the right of the public. We find nothing in the authorities cited by plaintiff inconsistent with the view we have taken.

Order affirmed.