[No. 2203, June 28, 1919.]
# LEYBA v. ALBUQUERQUE & CERRILLOS COAL COMPANY.

### SYLLABUS BY THE COURT.

Where a general and a special verdict of a jury are consistent and reconcilable, they will both be allowed to stand, and a judgment based thereon will not be disturbed upon appeal.

Appeal from District Court, Santa Fe County; Reed Holloman, Judge.

Action by Juan B. Leyba against the Albuquerque & Cerrillos Coal Company. Judgment for plaintiff, and defendant appeals. Affirmed.

REID, HERVEY & IDEN, of Roswell, for appellant.

CATRON & CATRON, of Santa Fe, for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J. This case is before the court for a second time. The former case was appealed by Juan Leyba, the plaintiff below, and this time is brought up by the Albuquerque & Cerrillos Coal Company, the defendant below. The facts set out in the former hearing of the case, Leyba v. Albuquerque & Cerrillos Coal Company, 22 N. M. 455, 164 Pac. 823, were substantially as

follows: On December 24, 1913, defendant operated, controlled, and managed a certain coal mine situated near Madrid, N. M., and the plaintiff took employment in said coal mine a few days prior to that date. Plaintiff's duties were to meet the small cars as they came down from the mine to the tipple and to see that they were let down to the tipple,.at not too great a speed. This was accomplished by the plaintiff and another man walking or running along the side of the car, and when the speed became too great they would "sprag" the wheels by putting oak sticks or sprags into the wheels, making a few of the wheels slide so that the speed of the cars would be diminished. Plaintiff had been working at this occupation of letting down the cars each day for two days, and in doing so he passed along a walk or pathway at the side of the track. A part of this was a dirt or earth pathway, but when they came within several hundred feet of the tipple the cars ran along the side of a plank platform. It appears that there was a step from the earth pathway to the plank platform, which plaintiff alleges he did not notice, and that on the 24th day of December, 1913, while engaged in his duties he stumbled on the end of this plank platform and fell under the wheels of a car which ran over one of his legs, injuring it to such an extent that it had to be amputated. Plaintiff alleged that defendant had negligently maintained the so-called step from the earth pathway to the plank platform.

After a general demurrer had been overruled, defendant answered, denying negligence, and the case was tried by the court and jury. On the former trial the court below held that the plaintiff had as a matter of law assumed the risk. On appeal this court held that the question was one for the jury.

"If the contention of appellee be correct upon the proposition that there is evidence to support the contention that the obstruction was of such a character that a knowledge of its condition must necessarily be imputed to the plaintiff, with the result that we should hold that he assumed the risk because of its obvious nature, we would point out that there is other evidence in the case to the effect that the obstruction

was but two or, at most, three inches in height, and this conflict of evidence would certainly make it possible for at least two inferences to be drawn, one which would impute a necessary knowledge to the plaintiff, and the other which would support him in his contention that he had not noticed the obstruction." Leyba v. Albuquerque & Cerrillos Coal Co., 22 N. M. 455, 463, 164 Pac. 823, 825.

On a retrial of the case a general verdict in favor of the plaintiff was rendered for the sum of $5,500, and special findings were made by the jury, one of which was as follows:

"Q. Could the rise from the earth runway to the plank runway have been readily seen by one engaged in the occupation of spragging, such as Juan Leyba was engaged in at the time of his injury, as shown by the evidence? A. Yes."

Appellant assigns among other errors the action of the trial court in refusing to set aside the general verdict and render judgment in favor of the appellant upon the special finding of the jury. It is contended that the special verdict amounts to a finding that the appellee assumed the risk of his employment, and that it is inconsistent with and contrary to the general verdict in favor of the appellee. Appellant argues that whether the risk was an extraordinary one or the ordinary one of the employment, the finding shows that appellee assumed it, and that the general verdict is erroneous and should have been set aside.

The question turns upon the meaning of the special finding. Does such a special verdict mean that the obstruction was so plain and obvious that it was one of the risks assumed by the employe; or, if not, then it was an extraordinary risk which the servant knew and understood and thereby assumed it. The appellant argues the risk was an ordinary risk, open, plain and obvious, but goes further and states that, even if an extraordinary risk, the appellee had, or might have had, knowledge and appreciation of it by the use of ordinary intelligence and observation.

Cases similar to the present one have been before this

court on previous occasions, and the general propositions of law are well settled.

"As a general rule, it may be stated that among the primary duties of the master is the duty to exercise reasonable care and diligence to furnish the servant with a safe place to work, as well with safe instrumentalities with which to do the work. 1 Bailey, Personal Injuries (2d Ed.) § 66 et seq.; 2 Cooley on Torts, p. 1102. In 3 Labatt's Master & Servant, § 898, it is said that the duties of the master arise out of the contract of employment and are limited to the implications arising therefrom, viz., to see that suitable instrumentalities are provided, which includes servants, machinery, apparatus, premises, etc., and to see that those instrumentalities are safely used. At section 902 of the same work and volume it is said that there is no exception to the said rule, and that when a case is made showing the existence of the master's culpability with respect to those duties, which duties are cast upon the master by virtue of the policy of the law, a prima facie right to indemnity exists in favor of the servant." Singer v. Swartz, 22 N. M. 84, 85, 86, 159 Pac. 745, 746.

"Our conclusion there stated [Van Kirk v. Butler, 19 N. M. 597, 145 Pac. 129] was that the servant assumes all the ordinary risks of the service and all of the extraordinary risks, i. e., those due to the master's negligence, of which he knows, and the dangers of which he appreciates." Leyba v. Albuquerque & Cerrillos Coal Co., 22 N. M. 455, at 462, 164 Pac. 823, at 825.

"When the uncontradicted evidence discloses the fact that the defects in a place, structure, or appliances were 'so patent as to be readily observed by the plaintiff by the reasonable use of his senses, having in view his age, intelligence, and experience,' and the risk and dangers from them were apparent, and he entered upon or continued in the service without complaint, his assumption of the risk is conclusively established, and the court should instruct the jury to return a verdict for the defendant." C., B. & Q. R. R. Co. v. Shalstrom, 115 C. C. A. 515, 195 Fed. 725, 45 L. R. A. (N. S.) 387.

"It follows that assumption of an extraordinary risk cannot be predicated, as a matter of law, where there is no evidence going to show that the servant understood, or ought to have understood, that risk, where the evidence actually produced is fairly susceptible of the construction that he did not understand it." 3 Labatt's Master and Servant (2d Ed.) § 1179; Singer v. Swartz, 22 N. M. 84, 90, 159 Pac. 745, 748.

Applying the principles of these decisions to the present case, it is evident that the jury by the general verdict in appellee's favor decided that the risk was an extraordinary one which he did not assume. The general verdict means that the risk was an extraordinary one

due to the master's negligence, which appellee did not know and of which he did not appreciate the danger. If the jury did not so find by its general verdict, then it could not have found in appellee's favor, for he could not have recovered where he assumed the ordinary risk of his employment, or where he knew and appreciated the extraordinary risks, i. e., those due to his master's negligence. The jury also found as a special verdict that the rise from the earth runway to the plank runway could have been readily seen by one engaged in the occupation of spragging, such as Juan Leyba was engaged in at the time of his injury. Is this finding inconsistent with the general verdict, or is the fact that the rise from the dirt runway to the plank runway could have been readily seen contrary to and inconsistent with the general verdict that the risk was an extraordinary one, which the employe did not assume. To put the matter in another form, does it follow as a matter of law from the fact that the rise in question could have been readily seen by one engaged in the work of spragging, as Juan Leyba was engaged, that Juan Leyba knew and appreciated the risk or danger? Appellant urges upon us that the jury by the special verdict found that the risk was an obvious one which appellee assumed; that the servant is bound to observe the defects or obstructions in a place, or obstructions that are so patent as to be readily observed, by one in the reasonable use of his senses having in view his age, intelligence, and experience. Under the definitions heretofore set out the servant assumes the extraordinary risks, that is, those due to the master's negligence of which he knows, and the danger of which he appreciates. The assumption of the extraordinary risk cannot be predicated as a matter of law where there is no evidence going to show that the servant understood, or ought to have understood, this extraordinary risk, and where the evidence actually produced is fairly susceptible of the construction that he did not understand it. The finding that the rise could have been readily seen by one so engaged does not necessarily mean that the appellee understood, or as a matter of law ought to

have understood, the risk, and therefore assumed it. Any one in his position could, as the jury found, readily have seen this rise, but unless we hold that this fact alone made evident to him, or should have made evident to him, the extraordinary risk, and that he understood and appreciated it, the special verdict is not inconsistent with the general one. The special verdict does not go so far as to say that the appellee knew and appreciated the risks, and we cannot say as a matter of law that, because the rise from the earth runway to the plank runway could have been readily seen by one employed as Juan Leyba was at the time of his injury, that Juan Leyba knew, or ought to have known, the risk, and that he thereby assumed it. It might have been readily seen, and yet it does not necessarily follow that the extraordinary risk would have been understood and appreciated by one engaged as appellee was.

We therefore hold that the special verdict is not inconsistent with the general one, and that both can stand together.

Finding no error in the action of the lower court, the decision is therefore affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.