[No. 3218.   Feb. 23, 1929.]

[Rehearing Denied June 20, 1929.]

RHEINBOLDT v. FUSTON.

[278 Pac. 361.]

Reese & Reese and Ed S. Gibbany, all of Roswell, for appellant.

H. C. Maynard and J. C. Gilbert, both of Roswell, for appellee.

### OPINION OF THE COURT

WATSON, J.   Appellee recovered verdict and judgment of $4,500 for injuries sustained by him in a collision on the streets of Roswell.

Appellant's contentions are (varying the order of presentation) that the evidence does not support the general verdict nor the special findings; that the court erred in giving certain instruction, and that evidence as to appellee's life expectancy was erroneously received.

As is usual in this class of cases, the evidence was highly conflicting.   We have but to determine whether there is substantial evidence to support the verdict and judgment.   There is substantial evidence of these facts:   Appellee was riding a bicycle at a speed of 7 or 8 miles an hour, going east on Fourth street.   Upon arriving at the intersection with Main street he looked to the north and saw no vehicle approaching.   He proceeded somewhat beyond the center of the intersection, where he was struck by an automobile, coming from the north on Main street, and driven by appellant.   Appellant was driving at a speed

of at least 20, and perhaps 25, miles per hour. His car was equipped with emergency and service brakes, but neither was in working order. Appellee heard no horn or other warning. These facts would seem to be sufficient to convict appellant of negligence. His theory of the case would have absolved himself from negligence and have convicted appellee of responsibility for the collision. Both theories were submitted to the jury, and we see no reason for disturbing the verdict.

It is contended that there is no substantial evidence to support the jury's answers to each of four special interrogatories submitted at appellant's request. This proposition need not be considered for two reasons: (1) There is no conflict between the special findings and the general verdict, all of the former being favorable to appellee; and (2) it has not been pointed out, and we do not discern, that a contrary answer to any interrogatory would have been irreconcilable with the verdict. Special findings irreconcilably in conflict with a general verdict will defeat the latter. But, unless the special finding is upon a material or essential point, it will not affect the general verdict. These principles were applied in Gallegos v. Sandoval, 15 N. M. 216, 106 P. 373; Leyba v. Albuquerque & Cerrillos Coal Co., 25 N. M. 308, 182 P. 860, and Thayer v. D. & R. G. R. R. Co., 25 N. M. 559, 185 P. 542. So, as to inconclusive special findings, generally supporting the verdict, it is needless to inquire whether they find substantial support in the evidence.

Complaint is made of the giving of certain instructions. Not that they embody incorrect statements of law, but that the court failed specifically to apply the rules abstractly stated to the facts in the case; and that, in the form and manner stated they amounted to an assumption of the truth of controverted facts, and were thus a comment on the weight of the evidence. If there is any merit in the contention, appellant is not in a position to urge it. He took no exception to the instructions and tendered none which were not given. The question was first raised on motion for new trial. Spencer v. Gross, Kelly & Co. et al., 22 N. M. 426, 163 P. 1087;

State v. Davisson, 28 N. M. 653, 217 P. 240; Candelaria v. Gutierrez, 30 N. M. 195, 230 P. 436.

A witness for appellee, who had been engaged in the business of life insurance for 20 years, testified that he had in his possession the American mortality tables as published in "1920 Unique Manual Digest" and the "Policy Holder's Digest for 1915," both standard works used by life insurance companies generally. He testified that, as shown by such tables as published in both these works, the expectancy of a man, aged 63, is 12.26 years. The objection made was that it had not been shown that the tables were authentic or "standard mortality tables as recognized by any insurance company or any law publication."

█ It is not necessary to pursue appellant's argument on this point. If there was any technical error in the manner of introducing this evidence, it cannot have been prejudical. This court takes judicial notice that, according to the American mortality tables, plaintiff's expectancy was correctly stated by the witness. 20 Am. & Eng. Ency. of Law (2d Ed.) 885; 41 C. J. 216; Thayer v. D. & R. G. R. R. Co., 21 N. M. 330, 366, 154 P. 691.

The judgment must be affirmed. The cause will be remanded to the district court, with a direction to enter the proper judgment against appellant and his supersedeas surety.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

### ON MOTION FOR REHEARING

WATSON, J. █ It appears that we erred in disposing of appellant's objections to the instructions given, upon the theory that exceptions had not been taken. So we are now put to a consideration of the merits of the contentions. The most serious is directed to instruction 9 which, in substance, charged that excitement and confusion, resulting from discovering one's self in a position of peril, by the negligence of another, may excuse acts which otherwise would constitute contributory negligence.

It is claimed that a false issue was thus submitted because appellee had himself testified that he had never seen appellant's car, and did not know what hit him. On the part of appellant, however, evidence was adduced from which the jury might have concluded that appellee was in fact laboring under the excitement and confusion of imminent peril. We think, therefore, that the instruction was proper as a guide to the jury in case it should thus view the facts.

Instructions 6, 8, and 9 state abstract propositions of law without making specific application, as might well have been done. But, reading them in connection with other instructions given, we do not think the jury could have supposed that the court was advancing any opinion upon controverted facts, or that appellant could have been prejudiced.

If true, as appellant contends, that the whole case shows that appellee was guilty of contributory negligence, as matter of law, appellant is precluded from raising the point here. Instead of presenting it to the trial judge, by motion for directed verdict at the close of the entire case, he chose to submit it to the jury through special interrogatories. Having thus admitted that men's minds might reasonably differ concerning these questions, he is not now in a position to urge that they could be answered only in one way. We cannot consider a question of law upon which a ruling was not invoked in the trial court. Laws 1917, c. 43, § 37 (repealed by Laws 1927, c. 93, and replaced by N. M. App. Proc. Rule 12, § 1); State v. Garcia, 19 N. M. 414, 143 P. 1012; Bezemek v. Balduini, 28 N. M. 124, 207 P. 330.

We adhere, therefore, to the affirmance of the judgment and overrule the motion for rehearing.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.