256 Minn. 485 (1959)
99 N.W. (2d) 204
IN RE APPLICATION OF HARRIETTE J. STEIN TO REGISTER TITLE TO LAND.
HARRIETTE J. STEIN
v.
TOWN BOARD OF TOWNSHIP OF SPRING LAKE.
No. 37,414.
Supreme Court of Minnesota.
November 6, 1959.
*486 Julius A. Coller II, for appellant.
Joseph J. Moriarty, for respondent.
MATSON, JUSTICE.
Appeal in land title registration proceedings from that portion of the decree which denied registration to a tract of land comprising an unopen portion of a street in the town of Spring Lake.
Petitioner's application to register title to certain land was granted except in so far as the land sought to be registered embraced that part of Sixth Street lying between Lot 6, Block 50, and Lot 1, Block 49, as shown on the plat of the town of Spring Lake. The part of Sixth Street so excepted and omitted from the decree, although appearing on the plat as a public street, has never been accepted formally by the town board of Spring Lake. In fact, the town has never asserted any claim to the street area or done anything to improve or otherwise officially open or accept it for public travel.
Petitioner, in asserting that the trial court erred in denying registration of the Sixth-Street area, alleges that there never has been a statutory dedication of the street and that the evidence does not show a common-law dedication. She further asserts that she, through her predecessors in title and in possession, obtained title to the street by adverse possession prior to 1899 and that adverse possession has been maintained from that date to the present time.
It is petitioner's position that the execution and filing of the plat of the town of Spring Lake in 1857 did not constitute a valid statutory dedication for the following reasons:
(a) That the street was not described on the plat with sufficient particularity;
(b) That the plat contained no express words of dedication; and
(c) The plat is defective because the register of deeds did not affix his seal either to the certificate of acknowledgment or to his own certificate as required by statute.
1-2. We find no errors to prevent a valid statutory dedication. Pub. Stat. 1849-1858, c. 26, § 1, in part provides:
"* * * a plot * * * shall particularly describe and set forth all *487 the streets * * * giving the names, width, courses, boundaries and extent of all such streets and alleys."
If an owner of land prepares and files a plat of a city or town and by appropriate lines thereon indicates a division of the land into blocks and lots, and by the use of such lines also sets apart certain areas which are labeled thereon as streets, it is to be presumed, absent any evidence to the contrary, that the owner thereby intended to dedicate such street areas as public streets even though the plat contains no express words of dedication. In construing a plat no part thereof is to be regarded as superfluous or meaningless and effect is to be given to the meaning expressed thereon by lines as well as by language.[1] The Spring Lake plat not only clearly delineated the street areas including the portion of the one in question, but also designated such areas as streets and differentiated between them by giving each street a separate name. Even the width of the streets was shown. Since the controlling statute did not require express words of dedication, we can only conclude that the streets were described and set forth with sufficient particularity to conform to statutory requirements.
3. It is true, however, that the plat was defective in so far as the register of deeds neglected to affix his seal to the certificates thereon of survey and acknowledgment which were required by Pub. Stat. 1849-1858, c. 26, §§ 4 and 5. The failure to affix the seal was but a formal defect which long since has been cured by the curative acts of 1881 (Ex. Sess. L. 1881, c. 57, § 1) and 1889 (L. 1889, c. 55, § 1). The 1881 act provides in part that plats filed under prior laws which failed in any respect to comply with the law in force at the time of their making, execution, certification, or recording were legalized and confirmed to the same extent and with the same effect as if the same had been in all respects properly made, executed, certified, and filed.
The dedication, being a good statutory dedication, did not have to *488 be formally accepted by the town board. Keyes v. Town of Excelsior, 126 Minn. 456, 148 N.W. 501. We hold therefore that the plat of Spring Lake, filed in 1857, was a valid statutory dedication of the land described thereon as Sixth Street to the public for use as a public street. In view of the fact that we have a valid statutory dedication, it is unnecessary to consider whether there was also a common-law dedication.
4. Clearly petitioner has not by her prior occupancy, or by that of her predecessors, obtained title to the street by adverse possession. Even if we take the evidence in the light most favorable to the petitioner,[2] it does not establish hostile, open, continuous, and exclusive occupancy of the street prior to 1891. L. 1899, c. 65 (now M.S.A. 541.01), prohibits the occupant of a public way which has been dedicated to public use from acquiring title thereto by adverse possession.[3] It follows, therefore, that the maximum period of adverse occupancy of this land, prior to the enactment of the 1899 prohibitory statute, could have been no more than 8 or 9 years which is insufficient to establish title by adverse possession. It is wholly immaterial that adverse possession of the street may have continued for a long period after 1899. Uninterrupted adverse possession of a public way which has not ripened into a full title prior to the enactment of L. 1899, c. 65, regardless of how long such possession continues thereafter, does not establish title by adverse possession. Village of Newport v. Taylor, 225 Minn. 299, 30 N.W. (2d) 588.
The judgment and decree of the trial court is affirmed.
Affirmed.
NOTES
[1] Gilbert v. Emerson, 60 Minn. 62, 66, 61 N.W. 820, 822; G.N. Ry. Co. v. City of St. Paul, 61 Minn. 1, 6, 63 N.W. 96, 98, 63 N.W. 240; Hanson v. Eastman, 21 Minn. 509; Maywood Co. v. Village of Maywood, 118 Ill. 61, 6 N.E. 866; 1 Elliott, Roads and Streets (4 ed.) § 21. As to the interpretation of plats, see 16 Am. Jur., Dedication, § 24.
[2] As to the burden of proof and the character of the evidence required to establish adverse possession, see both of the following cases: Village of Newport v. Taylor, 225 Minn. 299, 30 N.W. (2d) 588, and Alstad v. Boyer, 228 Minn. 307, 37 N.W. (2d) 372.
[3] Village of Newport v. Taylor, supra; see, 1 Dunnell, Dig. (3 ed.) § 111.