WILLIAM TREBNICK v. DON GORDON, d.b.a. DON
GORDON CONSTRUCTION COMPANY.

106 N. W. (2d) 622.

December 9, 1960—No. 37,996.

*Spellacy, Spellacy & Lano,* for appellant.
*Lewis, Hammer, Heaney, Weyl & Halverson,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for a new trial.

On the morning of October 7, 1958, at about 9:30 a. m. plaintiff, a rural mail carrier, was driving his automobile in an easterly direction upon Trout Lake Road in the village of Coleraine, Minnesota. At the same time the defendant was driving a Dodge station wagon in a northerly direction upon Hollywood Location Road. This road terminates in Trout Lake Road forming a T-intersection, and at that intersection the two vehicles collided and both parties claim to have sustained damages.

The trial court read to the jury the following portion of Minn. St. 169.20, subd. 1:

"When two vehicles enter an uncontrolled intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

The trial court then instructed the jury that—

"If you find that the defendant was stopped at the time of impact, or if he stopped his vehicle before entering the Trout Lake road but was actually moving at the time of the collision, then in that event, you will disregard entirely the right-of-way statute which I have read to you because the right-of-way statute which I read to you applies only when both vehicles are moving toward an uncontrolled intersection of two public roads and when neither of the vehicles stops before entering the intersection."

Defendant testified that he had stopped at the intersection and that while he was stopped he was struck on the right front part of his car by the right front of the plaintiff's car. Plaintiff, on the other hand, testified that he first saw defendant proceeding north about 20 feet from the Trout Lake Road and that defendant did not slow his vehicle from the time plaintiff first saw it until the accident happened. It would appear that if true defendant's own testimony would have precluded an instruction relative to the right-of-way rule since it does not apply to a vehicle which is stopped. Wright v. Minneapolis St. Ry. Co. 222 Minn. 105, 23 N. W. (2d) 347.

On the basis of the foregoing, plaintiff raises two issues which he regards as controlling.

■ First, plaintiff claims that defendant is bound by his own testimony that he had stopped and therefore cannot avail himself of the right-of-way rule. We do not believe this to be correct. Where a right to jury trial exists, issues of fact shall be tried by the jury unless the jury trial is waived or a reference ordered. 1 Mason's Dunnell, Minn. Practice, § 1102. There is no dispute here over the right to a jury trial and no claim that it was waived. Accordingly, where there is a conflict in the evidence, as here, creating an issue of fact, that issue is properly submitted to the jury to be resolved. Barnes v. Northwest Airlines, Inc. 233 Minn. 410, 47 N. W. (2d) 180; Rheinboldt v. Fuston, 34 N. M. 146, 278 P. 361.

■ Second, plaintiff contends that the court erred in instructing as to the right-of-way rule when under § 169.20, subd. 4, the driver of a vehicle entering or crossing a highway from a private road or driveway must yield the right-of-way to all vehicles approaching on such highway. He takes the position that the trial court, by instructing as to the right-of-way rule, ruled as a matter of law that the Hollywood Location Road, upon which defendant approached Trout Lake Road, was a public highway and that evidence to establish this was insufficient. He contends that if the road is a public road it must have become so pursuant to L. 1959, c. 500, art. 1, § 5, subd. 1 (Minn. St. 160.05, subd. 1), which provides as follows:

"When any road or portion thereof shall have been *used and kept in repair and worked* for at least six years continuously as a public highway, the same shall be deemed dedicated to the public to the width of two rods on each side of the center line thereof and be and remain, until lawfully vacated, a public highway whether the same has ever been established as a public highway or not; * * *. This subdivision shall apply to roads and streets except platted streets within cities, villages, and boroughs." (Italics supplied.)

There appears to be ample uncontroverted evidence in the record that the road was kept in repair and worked by the village of Coleraine in excess of 6 years; however, it is also necessary to show that

there was a public user of the road. Anderson v. Birkeland, 229 Minn. 77, 38 N. W. (2d) 215. In the Anderson case, with reference to the user required by an identical statutory provision then in force, we stated (229 Minn. 81, 38 N. W. [2d] 219):

"* * * Paulson, and Helland occupied their respective cottages during the summer season. Tradesmen who catered to their needs used the road in calling on them and in making deliveries. Friends, and in fact any person who had occasion to call on them, followed the same route without objection. The clear implication is that the road was open to any member of the public who had either the desire or the occasion for any purpose to call upon the tract occupants. It is the right of travel by all the world, and not the exercise of the right, which constitutes a road a public highway, and the user by the public is sufficient if those members of the public—even though they be limited in number and even if some are accommodated more than others—who would naturally be expected to enjoy it do, or have done so, at their pleasure and convenience."

In the instant case it appears undisputed that the road served 10 homes in the area. These homes received garbage and refuse-disposal service provided by the village. Also guests of the occupants must have used the road since it was the only means of access. Plaintiff himself testified he had traveled on the road.

We believe under the circumstances that the trial court did not commit error in determining that the Hollywood Location Road was a public road as a matter of law.

It would serve no useful purpose to review other contentions raised by plaintiff as we are satisfied that no reversible error was committed.

Affirmed.