# LAFAYETTE LAND COMPANY v.
# VILLAGE OF TONKA BAY.

234 N. W. 2d 804.

October 10, 1975—No. 44877.

*Carlsen, Greiner & Law* and *Jack D. Elmquist*, for appellant.
*Kelly & Larson* and *Gary Larson*, for respondent.

Heard before Otis, Rogosheske, and Scott, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

Petitioner seeks to compel the village of Tonka Bay to open a portion of a dedicated road which abuts petitioner's property in order to provide it access to an existing highway. The district court denied relief and we affirm.

A right-of-way of the Interurban Railway in the village of Tonka Bay was deeded to the village in 1956 by its former owners, Simon and Lilah Wirtz. By the terms of the deed the property was to be used for road purposes only. The village improved and blacktopped part of the land. Although the issue is disputed it is apparent that the part of the dedicated land now in question was never improved by the village of Tonka Bay.

The petitioner owns Lot 7 in the village of Shorewood. The northeastern corner of Lot 7 abuts the southwestern extremity

of the line where the existing road ends. The eastern boundary of petitioner's land abuts the western edge of the dedicated but unopened street. The city has erected a barrier approximately 50 feet south of the improved portion of the road.

Petitioner requested that the village council of Tonka Bay remove the barrier and open about 50 feet of the dedicated road to allow it access from its property to the opened portion of the road. After the village twice denied petitioner's request, petitioner commenced this action for mandamus.

The trial court refused to issue the writ, holding that the decision not to open the road was within the discretion of the village and that the village had not been arbitrary and capricious in the exercise of its discretion. In support of this latter holding, the trial court found that—

" * * * The reasons for the denial set out by the Village Council were that Lilah Lane, the street in question, is presently only 12 feet wide and would therefore be totally inadequate to serve the increased traffic caused by the development of the Lafayette property; that the area requested to be opened is immediately adjacent to the largest park of the Village of Tonka Bay and the increased traffic would create a hazard to the young children using the park; and that the cost of opening the road and upgrading the other portion of Lilah Lane plus the increased cost of ongoing maintenance would have to be borne exclusively by the residents of Tonka Bay to serve property located exclusively in the Village of Shorewood and that consequently, the Village of Tonka Bay would be required to expend money without being able to assess the benefited property."

On appeal, petitioner argues that the trial court erred as a matter of law because the village had no discretion to deny access, that the discretion it did have was abused and that the village action violated its constitutional rights.

1. The cases cited by petitioner for the proposition that the village has no discretion to deny access are not in point. Burn-

quist v. Cook, 220 Minn. 48, 19 N. W. 2d 394 (1945); Kray v. Muggli, 84 Minn. 90, 86 N. W. 882 (1901); and Antonelli v. Planning Bd. of Waldwick, 77 N. J. Super. 119, 185 A. 2d 431 (1962). Each of those cases involved or discussed the rights of an owner of property abutting on a street which had been actually opened or used by the municipality. Here, however, we are not dealing with such rights. The language of the original petition makes it clear that "[p]etitioner's access is presently on an unimproved section of Lilah Lane." The fact that a corner of petitioner's property touches a corner of the improved road does not make petitioner an abutting owner. Here the issue is whether mandamus will lie to require a municipality to open a road in order to provide access to other opened streets.

2. It has long been the rule in this state that the decision of whether to open a street is vested in the legislative discretion of the municipality. As this court said in State ex rel. Townsend v. Board of Park Commrs. 100 Minn. 150, 154, 110 N. W. 1121, 1122 (1907):

"* * * It is elementary and fundamental that the power to lay out, open, widen, extend * * * parkways, or boulevards is legislative, pure and simple, to be exercised by the legislature itself, or by municipal boards to which it may be delegated."

Accordingly the municipality is under no legal duty to open a dedicated street. Petitioner's reliance on State ex rel. Rose v. Town of Greenwood, 220 Minn. 508, 20 N. W. 2d 345 (1945), demonstrates the difficulty. In that case, we interpreted Minn. St. 1941, § 163.15, subd. 2 (replaced by Minn. St. 164.08, subd. 2), to create a duty on the part of the municipality to provide a cartway where the owner had no other access to his land except over the lands of others. Here, however, the cartway statute has no application. Absent a duty to open the street, mandamus will not lie to require the village to do so. Powell v. Township of Carlos, 177 Minn. 372, 225 N. W. 296 (1929). This conclusion is in accord with the general rule elsewhere. Tott v. Sioux City,

464

261 Iowa 677, 155 N. W. 2d 502 (1968) ; Aro Investment Co. v. City of Omaha, 179 Neb. 569, 139 N. W. 2d 349 (1966) ; Hoglund v. City of Summit, 28 N. J. 540, 147 A. 2d 521 (1959) ; Parker v. City of Philadelphia, 391 Pa. 242, 137 A. 2d 343 (1958) ; City of Jefferson v. Eiffler, 16 Wis. 2d 123, 113 N. W. 2d 834 (1962). See, generally, 10 McQuillin, Municipal Corporations (3 ed.) § 30.31.

3. Petitioner's contention that the refusal to open the road is a violation of the equal protection clause of U. S. Const. Amend. XIV or of Minn. Const. art. 4, §§ 33, 34, is without merit. Hay v. Township of Grow, 296 Minn. 1, 206 N. W. 2d 19 (1973), cited by the petitioner, involved the discriminatory granting and withholding of special-use permits affecting parties who were identically situated. The constitutional guaranties cited by petitioner do not forbid the village from withholding non-discriminatory benefits of the kind which petitioner seeks.

Affirmed.