250 N.W.2d 827 (1977)
In re MAINTENANCE OF ROAD AREAS SHOWN ON the PLAT OF SUBURBAN ESTATES, a Subdivision of the West Half of the Southwest Quarter of Section 32, Township 103 North, Range 17 West, Mower County, Minnesota.
TOWN OF RED ROCK, et al., Respondents,
v.
COUNTY OF MOWER, et al., Defendants,
Webb L. Davis, et al., Appellants.
No. 46566.
Supreme Court of Minnesota.
January 14, 1977.
*829 Hoversten, Strom, Ryan, Johnson & Rysavy, and Craig W. Johnson, Austin, for appellants.
Baudler, Baudler & Maus and William J. Baudler, Austin, for respondents.
Heard before TODD, MacLAUGHLIN, and YETKA, JJ., and considered and decided by the court en banc.
TODD, Justice.
Certain land in the town of Red Rock, Mower County, Minnesota, was platted, which plat included a dedication of roads. The developers agreed to construct the designated roads according to certain specifications obtained from the county engineer. The plat was accepted for filing by the county and included the approval of the town board. After four homes were built or in the process of being built on the land, the town board refused to maintain the roads.
The owners, pursuant to statute, sought relief from the county board. The town contested the jurisdiction of the county board on the grounds that the roads, as platted, were not town roads as defined and required by statute. After a hearing on the matter, the county board ordered the town to maintain the roads. The District Court, Mower County, reversed the order of the county board. We reverse.
The essential facts are not in dispute. In November 1972, the owners of a tract of land located in Red Rock Township subdivided it and sought to have the land platted as Suburban Estates. The plat included 20 lots and the dedication of three roads as well as a certificate of approval by the town board. In order to gain approval of their plat, the developers were required, by county ordinance, to enter into an agreement to construct the roads according to specifications obtained from the county engineer. To insure compliance with the specifications, the completed roads were inspected by the town board.[1]
By the fall of 1974, 13 lots had been sold and four homes constructed and occupied or in the process of being built in the subdivision. By then it was obvious to the homeowners the roads required some maintenance. One of the homeowners informally requested a member of the town board to maintain the roads but was informed the work would not be done. During January 1975, prompted by the lack of snow removal, the same owner informally requested the town to plow the Suburban Estates roads. His request was again denied. Earlier in August 1974, the developers had appeared at a town meeting to request the maintenance of the roads and removal of weeds. Since the town board took no action on their request, the roads were repaired and weeds removed at their own expense.
The problem of snow removal became acute in January 1975, prompting a group of landowners to file a complaint pursuant to Minn.St. 163.16, subd. 1,[2] with the county board which immediately scheduled a hearing.
*830 The town board appeared at the hearing by its attorney who immediately and continually objected to the county board's jurisdiction. The basis of his claim was that § 163.16, subd. 1, referred to "town roads" and that until the Suburban Estates roads were established as town roads pursuant to Minn.St. 164.02, 164.06, and 164.07, they could not be the subject of a county board hearing under § 163.16. The parties do not dispute the fact that no action was ever undertaken to establish the roads as town roads under Minn.St. c. 164.
The petitioning residents claimed that the acceptance of the plat, coupled with the construction of the roads and the inspection by the town board, compelled an interpretation that these roads were town roads within the purview of § 163.16.
1. On March, 5, 1975, the county board, by resolution, ordered Red Rock Township to maintain the roads in a passable condition, including snow plowing. The town board obtained a writ of certiorari to review the decision of the county board. The trial court made the writ absolute, accompanying its decision with a memorandum, holding that the county board lacked jurisdiction under § 163.16. The memorandum distinguished the terms "town road" and "public road", noting that the dedication of roads in a plat made them public roads but not every public road in a township was a "town road" as defined by statute. This distinction was based on an interpretation of Minn.St. 160.02, subd. 6, which provides as follows:
"`Town roads' includes those roads and cartways which have heretofore been or which hereafter may be established, constructed, or improved under the authority of the several town boards, roads established, constructed, or improved by counties that have been maintained by the towns for a period of at least one year prior to July 1, 1957, and all roads lying within the town established by user." (Italics supplied.)
The trial court in its memorandum stated:
"* * * The improvement of platted rights-of-way by a private developer, which concededly establishes public roads, does not, without governmental action according to law, give rise to a duty to maintain same at public expense. The only apparent exception to the above rule is for roadways established by user. The doctrine of user is not applicable to the facts before the Court in this case.
"It is undisputed that no official action by the Town Board of the Town of Red Rock was taken, pursuant to statute, establishing the roads in question as `town roads.' The fact that the roads were improved in accordance with local zoning regulations is not inconsistent with the fact that the rights-of-way were held in public trust. Compliance with local zoning codes at the insistence of the local government authorities does not lead the Court to the conclusion that, by their insistence, the authorities established a `town road.'"
We hold that this reasoning is too restrictive an interpretation of the statutory language of § 163.16 as to the issue of whether a county board has jurisdiction to hear a complaint thereunder.
The provisions of Minn.St. c. 163 are remedial in nature. They represent a legislative determination to provide administrative relief for town residents aggrieved by the inaction of their town board in failing to open, construct, or maintain a town road. The threshold question under § 163.16 concerns the jurisdiction possessed by the county board. The statute requires that the complaint address itself to the condition of "a described town road in * * * the town."
2. We note that the statutory definition of town roads in Minn.St. 160.02, *831 subd. 6, relied upon by the trial court in making its distinction between public roads and town roads is not all inclusive. On the contrary, the statute "includes" certain roads as town roads. The use of the word "includes" in this particular context indicates a legislative intent that § 160.02, subd. 6, does not provide an exclusive statement of every procedure that may possibly be employed to attain the status of town road. Consequently, we conclude that roads may be established as town roads through a procedure not enumerated in § 160.02, subd. 6, which are subject to review under § 163.16.
The platting of property in Minnesota is regulated by statute, and Minn.St. 505.01 provides as follows:
"Plats of land may be made in accordance with the provisions of this chapter, and, when so made and recorded, every donation to the public or any person or corporation noted thereon shall operate to convey the fee of all land so donated, for the uses and purposes named or intended, with the same effect, upon the donor and his heirs, and in favor of the donee, as though such land were conveyed by warranty deed. Land donated for any public use in any municipality shall be held in the corporate name in trust for the purposes set forth or intended."
The filing of the plat pursuant to § 505.01 operates as a conveyance to the public of such estate or interest in the streets as is necessary to accomplish the purpose of the dedication and no acceptance by the governing body is necessary. Betcher v. Chicago, M. & St. P. Ry. Co., 110 Minn. 228, 124 N.W. 1096 (1910); Keyes v. Town of Excelsior, 126 Minn. 456, 148 N.W. 501 (1914); In re Petition of Schaller, 193 Minn. 604, 259 N.W. 529, 826 (1935); In re Application of Stein to Register Title, 256 Minn. 485, 99 N.W.2d 204 (1959).[3] Therefore, we hold that the filing of the plat establishes a described town road within the meaning of § 163.16. Any attempt to differentiate between a "public road" and a "town road" operates to improperly construe the more inclusive term "described town road" and we reject such a subtle distinction.
3. Having determined that the county board possessed jurisdiction to consider the landowners' petition, we point out that the mere platting of the land did not instantly create an obligation upon the town board to open and maintain the dedicated streets. Our cases have consistently held that the municipality may determine the time it will open a street and assume the maintenance thereof. St. Paul & Duluth Ry. Co. v. City of Duluth, 73 Minn. 270, 76 N.W. 35 (1898); Pierro v. City of Minneapolis, 139 Minn. 394, 166 N.W. 766 (1918); Village of Newport v. Taylor, 225 Minn. 299, 30 N.W.2d 588 (1948); Village of Medford v. Wilson, 304 Minn. 250, 230 N.W.2d 458 (1975). This is precisely the legal principle which was not directly addressed and decided in this case. The property owners should formally present a request to their town board to open and maintain the roads. The town board could then determine whether to act upon the request. Although not intended to be exclusive, the following elements should be considered by the town board when making its decision: The cost of maintenance, the number of dwellings abutting the roadways, the condition of the roads, and the degree of hardship suffered by the landowners because of the alleged failure to open or maintain the roads.
If the landowners' request is denied by the town board, they can exercise their right to file a complaint, consistent with § 163.16, with the county board for review of the decision. Any decision of the county board acting under the authority of § 163.16 would be subject to judicial review by certiorari.
The record in the present case is understandably confused due to the absence of *832 any decisions of our court pertaining to the jurisdictional issue raised herein. Thus, we do not perceive any purpose to be served in remanding the matter. Rather, the Suburban Estates landowners should immediately commence proceedings before the town board. The matter may then be expeditiously determined under the procedures established by this decision.
Reversed.
NOTES
[1] The town board contends that its approval on the plat is not required by statute or ordinance. However, Minn.St. 505.09, subd. 1, requires approval by the planning and zoning commission of the town if the town has established a zoning commission. The record does not disclose if such a commission had been established in Red Rock Township.
[2] Minn.St. 163.16, subd. 1, provides: "When a written complaint, signed by five or more freeholders of any town is presented to the county board stating that a described town road in or on the line of the town has not been opened and constructed or is not properly maintained, and because of such neglect is not reasonably passable, the county board by resolution, shall fix a time and place for hearing the complaint. The county auditor shall mail a copy of the complaint, together with notice of the time and place of hearing on the complaint, to the town clerk. All persons signing the complaint shall also be notified of the time and place of the hearing by the county auditor."
[3] The Mower County Zoning Ordinance adopted subsequent to the filing of the plat here involved provides: "Approval by the County Board shall not constitute acceptance by the public of dedication of any street, other public way, or ground." The viability of this provision is not before us.