Russell KANGAS, Respondent,

v.

**TOWNSHIP OF BLUEBERRY,**
**Appellant.**

No. 48203.

Supreme Court of Minnesota.

March 3, 1978.

Peltoniemi, Johnson & Majors, Douglas H. Johnson, Wadena, Rufer, Hefte, Pemberton, Schulze, Sorlie & Sefkow and H. Morrison Kershner, Fergus Falls, for appellant.

Russell Kangas, pro se.

PER CURIAM.

Appellant township denied a properly presented petition by respondent, Russell Kangas, to vacate a road created by usage, which road passed over land owned by respondent and was maintained by appellant. Respondent duly appealed the township decision to the district court. The trial court held the decision of the town board was arbitrary but not capricious and ordered the road vacated. This is a timely appeal from the judgment entered.

The property involved is a platted parcel of land located along the east shore of Blueberry Lake in Wadena County and is known as Tappe's Sunset Beach. The plat provides for a public entrance to the lake. This entrance separates Block 1, Lots 1 to 13 in the southwest corner of the plat and Block 2, Lots 1 to 8 in the northwest corner of the plat.

The plat dedicated a 66-foot roadway which connects the southeast corner of the plat with County Road No. 21. The platted road then runs along the southern boundary of the plat to Lot 13 of Block 1 and then runs northerly and parallel to the shoreline lots to Lot 8 of Block 2.

The Kangas road, sought to be vacated, provides a shortcut from the platted road along the southern boundary of the plat to a point about 100 feet south of the lake entrance and runs diagonally across several lots owned by respondent. This road was in existence when respondent bought the property in 1956 and is 14 feet wide.

According to the testimony of respondent, the township in the year 1960 paid for the opening of the platted road running north and south adjacent to the shore lots. This road was about 15 to 20 feet wide. The township has never maintained the platted road adjacent to the lots. The owner of Lot 9 of Block 1 plows and grades the road from Lot 2 of Block 1 to Lot 11 of Block 1. The plat reveals there is a swamp or lowland from Lot 1 to Lot 11 of Block 1.

Appellant contends it cannot afford the costs of improving or maintaining the platted road in the area of the swamp.

There are four permanent residents at Tappe's Sunset Beach. Only one of them testified. He testified he had no objection to the closing of the Kangas road.

According to the testimony of respondent, in 1970 the platted road from County Road No. 21 running along the southern boundary of the platted area was completed by the township to its full 66 feet from the southeast corner of the plat to Lot 13 of Block 1.

The evidence presented to the township board indicated that the lakeshore owners did not want, and the township could not afford, to maintain the platted road along the lakeshore, and accordingly the board denied the petition to vacate the Kangas road.

The county engineer testified pursuant to questions by the trial court that the township had an obligation to maintain the platted road.

■ Appellant relies primarily upon the legal principle that the decisions of the town board are legislative and shall not be set aside by the court except under certain circumstances. The principle is more precisely stated in *Lieser v. Town of St. Martin*, 255 Minn. 153, 158, 96 N.W.2d 1, 5 (1959), as follows:

> "It is well established in this state that a town board acting on a petition for the establishment of a town road acts in a legislative capacity; all questions in respect to the propriety and necessity of the particular improvement are legislative in character and the determination thereof by the local tribunal is final and will be set aside by the court on statutory appeal only when it appears that the evidence is practically conclusive against it, or that the local board proceeded on an erroneous theory of law, or that it acted arbitrarily and capriciously against the best interests of the public."

There was substantial evidence that the majority of the lakeshore property owners preferred that the Kangas road not be vacated. It was also undisputed that the township did not have the funds or the equipment to maintain the platted road. There was evidence the county did perform some maintenance of the roads in the area.

■ The trial court indicated that it was guided by the rule that a town board's decision is final and will be set aside by the court on appeal "only when it appears that the evidence is practically conclusive against it, * * * or that it acted arbitrarily and capriciously against the best interests of the public." However, the trial

court had evidence before it that was practically conclusive against the decision of the town board. The physical facts support the trial court's conclusion. An examination of the plat reveals that one using the Kangas road must use the platted road to gain access to Lots 1 to 13 in Block 1. Thus, the platted road would have to be maintained whether the Kangas road is utilized or not. Furthermore, the testimony of the county engineer makes it clear that no sound purpose would be served in maintaining both the Kangas road and the platted road. Finally, it would be impractical to maintain both roads if one road would serve the area.

Appellant offered an argument based on the case of *In re Road Areas of Suburban Estates*, Minn., 250 N.W.2d 827 (1977), that while the filing of a plat dedicated the platted roads, it did not create an obligation to open and maintain the road. This argument overlooks the statement of respondent that the town in the first instance opened the platted road. The testimony of the county engineer that the township had the obligation to maintain the platted road was not disputed. Further, in *In re Road Areas of Suburban Estates, supra*, we noted that although the platting did not instantly create an obligation upon the township to open and maintain the dedicated roads, the property owners still have the opportunity to formally request the town board to open and maintain the roads and the decision of the town board is subject to judicial review.

If the maintenance of the Kangas road would eliminate the need for maintenance of the platted road to provide access to lots in Block 1, it would be sound to refuse to vacate the Kangas road. This is simply not the case. The town board's decision was therefore arbitrary. 2 Am.Jur.2d, Administrative Law, § 620.

Appellant also contends that Minn.St. 160.09, subd. 3, prohibits the vacation of a town road, which is the only means of access to certain property without the consent of affected property owners unless another means of access is provided. This is based upon the contention that the platted road is not passable 12 months out

of the year and provides the only means of access to the affected property. Access to the property in Block 1 still depends upon the condition of the platted road, not alone on the right to use the Kangas road. This is the physical fact which the town board refused to recognize and which makes its decision an arbitrary one. The provisions of § 160.09, subd. 3, are not applicable because the use of the Kangas road is not the only means of access to the affected property.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.