In the Matter of the REQUEST OF LAFAYETTE DEVELOPMENT CORPORATION TO OPEN 18TH AVENUE SOUTH.

No. C7–96–2567.

Court of Appeals of Minnesota.

Aug. 19, 1997.

Review Granted Oct. 21, 1997.

James G. Golembeck, Cara J. Debes, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, for Appellant.

James G. Bullard, Joseph M. Finley, Bradley J. Gunn, Leonard, Street & Deinard P.A., Minneapolis, for Respondent.

Jay T. Squires, Ratwik, Roszak & Maloney, Minneapolis, for amici curiae.

Considered and decided by CRIPPEN, P.J., and HUSPENI and WILLIS, JJ.

## OPINION

CRIPPEN, Judge.

Appellant City of South St. Paul asserts its prerogative to decide whether a roadway should be· used and maintained and challenges the trial court's order granting a writ of mandamus to compel the city to acknowledge that a partially improved end of a street is open to public use. We affirm.

## FACTS

Respondent Lafayette Development Corp. owns a 28–acre parcel of land that is located mostly in the City of Inver Grove Heights but borders the southern city limits of South St. Paul. The tract abuts two platted South St. Paul neighborhoods that are separated by a dedicated roadway, 18th Avenue South, a north-south street that represents the only means of direct access to respondent's property.

18th Avenue South consists of a 60–foot–wide right-of-way that is partly improved by an approximately 30–foot–wide paved surface. The city's paving of 18th Avenue ends about 50 feet north of the southern city limits. The east side of the remaining right-of-way has been graded and graveled and contains an 8–to–12–foot–wide paved driveway, which, according to uncontradicted evidence in the record, respondent, its invitees, its tenants, and a neighboring landowner have used for many years. The western half of the roadway has not been used, and a segment of this half, about 20 feet on the city's southern boundary, is owned by respondent and has not been dedicated.[1] On this small piece of respondent's property, jutting into South St. Paul, a partial barrier is in place, a 10–foot by 2–foot red and white board attached to four-foot-high metal posts.

The city's comprehensive plan and its official map show the existence of the street up to the city limits.

Respondent developed plans for a 248–unit townhouse project on its property. In 1994, Inver Grove Heights approved respondent's project, provided that respondent would obtain legal access to 18th Avenue South. After respondent notified South St. Paul of its intention to upgrade the partially improved end of the street, the city administrator responded by stating that the final 15 to 35 feet · of 18th Avenue was not open to public travel and that the city would not permit any public travel on that portion of the street. Offering to pay for construction and maintenance costs, respondent formally requested the city council to acknowledge that 18th Avenue was open to its property or, alternatively, to open the roadway. In September 1995, after a public hearing, the city council denied respondent's request to use and maintain the street.

Respondent petitioned the trial court for a writ of mandamus to compel the city to acknowledge that the end of 18th Avenue South was open, and the court held a bench trial on the petition. Finding the city's decision arbitrary and capricious, the trial court ordered the city to recognize that 18th Avenue was open to respondent's property line, to refrain from interfering with respondent's constitutional right of access to and from the property, and to bring the right-of-way up to statutory standards. On appeal, several neighbors filed an amicus brief in support of the city.

## ISSUE ·

Is appellant's dedicated street open as a public roadway?

## ANALYSIS

■ Mandamus is an "extraordinary legal remedy" awarded in the exercise of judicial discretion and on equitable principles, not as a matter of right. *County of Swift v. Boyle*, 481 N.W.2d 74, 77 (Minn.App.1992), *review denied* (Minn. Mar. 26, 1992). Be-

1. Respondent offers to dedicate this unplatted    portion of the 18th Avenue right-of-way.

cause there is a strong presumption favoring actions by a city, if the reasonableness of a city's actions is doubtful or fairly debatable, a court will not interject its own conclusions as to more preferable actions. *Arcadia Dev. Corp. v. City of Bloomington,* 267 Minn. 221, 226, 125 N.W.2d 846, 850 (1964).

Although acknowledging the proper dedication of 18th Avenue, the city contends that a specific part of the street could not be considered open until it had made identifiable road improvements over that piece of the dedicated road. The city argues that the trial court erred by holding that the opening could occur based on use of the road and the city's failure to prohibit such use by barricading or closing the roadway.[2] *See In re Maintenance of Road Areas Shown on Plat of Suburban Estates,* 311 Minn. 446, 451, 250 N.W.2d 827, 831 (1977) (stating that after a street is dedicated by plat, a city generally may determine the time to open the street); *Lafayette Land Co. v. Village of Tonka Bay,* 305 Minn. 461, 463, 234 N.W.2d 804, 806 (1975) (same). What level of use constitutes the opening of a roadway after proper dedication presents a question of first impression in Minnesota.[3]

Ruling that the end of 18th Avenue South already was open, the trial court concluded that the public and occupiers of respondent's property had used it for over thirty years, that portions of this section had been improved through grading, graveling, and paving, and that the city had taken no action inconsistent with that pattern of use until respondent's initial request in 1995.

■ We conclude that the trial court did not err in deciding that an opening can occur without a demonstration that a municipality has made certain improvements on the roadway. Rather, if the roadway is duly dedicated, neither logic nor precedent permits the conclusion that the road is not "open" when opening occurs as a matter of fact, as is demonstrated by public use that occurred at the end of 18th Avenue South. The record indicates that respondent, its tenants, their invitees, and an adjacent landowner have used the end of 18th Avenue to access their property for many years. And the use of 18th Avenue was not even questioned until respondent made its request to the city.

■ Use by "a comparatively small number of persons" may establish public use of a roadway. *Flynn v. Beisel,* 257 Minn. 531, 541, 102 N.W.2d 284, 292 (1960) (establishing public use under common-law dedication); *Anderson v. Birkeland,* 229 Minn. 77, 82, 38 N.W.2d 215, 219 (1949) (establishing public use under statutory dedication and common-law dedication); *Henly v. Chisago County,* 370 N.W.2d 920, 923 (Minn.App.1985) (establishing public road under common-law dedication). And use primarily by respondent, its tenants, and their invitees does not defeat a finding of public use because "[i]t is the right of travel by all the world, and not the exercise of the right," that makes a roadway public. *Anderson,* 229 Minn. at 82, 38 N.W.2d at 219 (holding that seasonal use of road by cottage owners, friends, and tradesmen sufficiently established public use); *see Trebnick v. Gordon,* 259 Minn. 164, 167, 106 N.W.2d 622, 624 (1960) (holding evidence showing that road served ten homes in area, that these homes received garbage disposal service provided by village, and that guests must have used the road because it was the

2. The city contends that the trial court held that the lack of a barricade makes 18th Avenue an open street, but the city mischaracterizes the court's statements. The trial court based its holding on the use of the roadway and the city's acquiescence in that use. The trial court merely noted the lack of a barricade as evidence indicating the ongoing, continued use of the street.

3. *Cf. Lafayette Land Co. v. Village of Tonka Bay,* 305 Minn. 461, 462–63, 234 N.W.2d 804, 805–06 (1975) (denying landowner's request for mandamus relief to compel village to open dedicated, yet barricaded and unused roadway). A roadway also may become public by use, Minn.Stat.

§ 160.05 (1996) (stating that when a road has been continuously used and maintained for at least six years, it becomes a public highway), statutory dedication, Minn.Stat. § 164.15 (1996) (stating that landowner may dedicate land for public road or cartway by written application to town board), or common-law dedication, *Bengtson v. Village of Marine on St. Croix,* 310 Minn. 508, 509, 246 N.W.2d 582, 584 (1976) (stating that a roadway becomes a public highway when (1) a landowner intends to have land used as a public highway and (2) the public accepts through improvement or maintenance of the road or public use).

only means of access sufficiently supported trial court's determination that such roadway was a public road as a matter of law). Finally, appellant and amicus produced no authority to support the proposition that a road is not open until there occurs some resolution or ceremony that signifies a governmental will that the road be opened.

The parties dispute the trial court's determination that respondent had a constitutional right of reasonable access to its property. *See Johnson v. City of Plymouth,* 263 N.W.2d 603, 605 (Minn.1978) (stating that under Minnesota law, property owners have a right of "reasonably convenient and suitable access" to a public street that abuts their property).[4] Because we hold that the street already was open, we do not address this constitutional issue.

■■■ The city also asserts that the trial court erred by admitting evidence not presented to the city council. When the municipal proceeding has been unfair or the record of that proceeding is unclear or incomplete, the parties may augment the record before the trial court. *Swanson v. City of Bloomington,* 421 N.W.2d 307, 313 (Minn.1988). As the trial court noted, the city council limited its review to evidence on whether it should open 18th Avenue. The trial court properly received evidence outside of the city council hearing's record because the city, by assuming that 18th Avenue was not an open street, unfairly foreclosed a viable basis for deciding whether to grant respondent's request to recognize that the road was already open.

## DECISION

On the record here, the end of 18th Avenue South was already open to public use, and the trial court did not err by granting respondent's petition for mandamus relief.

**Affirmed.**

---

4. The city argues that respondent could obtain alternative access to its property through Inver Grove Heights, but the record indicates that no other roadways abut the property and that appellant city frustrated respondent's attempts to extend an existing Inver Grove Heights street to its property. The argument is one of a number of policy and fact disputes of the parties that arise in road dedication or vacation proceedings but do not govern the determination of whether a street has been open.